Maurice BISHOP; Reginald Bishop; Plaintiffs-Appellants,

v.

Marvin CROSS, Bud Boles, Christal Hayes, Sherilyn Knox, Officers; William Hanton, Chief of Police; Reginald Turner, Safety Director; Annie Bishop; Lenny Hayes; Otmous Howard, Defendants-Appellees.

No. 85–3436.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1986.

Decided May 7, 1986.

Mark D. McGraw (argued), Cleveland, Ohio, for plaintiffs-appellants.

David G. Davies, Ray, Robinson, Hanninen, & Carle, Cleveland, Ohio, for defendants-appellees.

Murray D. Bilfield, Cleveland, Ohio, Mark Behnke (argued), for Cross and Boles.

Armand Cohn, Timothy P. Misny, Cleveland, Ohio, for C. Hayes.

Before MARTIN and GUY, Circuit Judges and REED,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Maurice and Reginald Bishop appeal the district court's dismissal of their civil lawsuit for lack of prosecution pursuant to Rule 41(b), Fed.R.Civ.P. The plaintiffs, who are brothers, filed suit in federal district court on November 5, 1984, alleging that the City of Cleveland, several Cleveland city officials and police officers, and other private citizens deprived them of their constitutional rights in violation of 42 U.S.C. § 1983. After six months of discovery, including a two-week continuance of the trial date granted to the defendants, the case was set for trial on Wednesday, May 1, 1985. The plaintiffs' counsel appeared for the voir dire at the appointed time but the plaintiffs, acting on their counsel's advice, were not present. All of the defendants and defendants' counsel were present.

In response to questioning by the district judge, plaintiff's counsel revealed that he did not realize that his clients were required to be present at voir dire; Maurice Bishop, a long-haul truck driver, was out on a job and was not expected back until Monday, May 5, but Reginald Bishop could have been present at court within the hour. The court nevertheless dismissed the case with prejudice as against both plaintiffs.

This Court has repeatedly noted the harsh nature of a sanction that deprives a plaintiff of his day in court because of counsel's dilatory conduct. *Patterson v.*

* Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir.1985); *Carter v. City of Memphis*, 636 F.2d 159 (6th Cir.1980). Several factors have been considered in determining whether a district court's dismissal of a case under Rule 41(b) was an abuse of discretion:

> There was no indication that the appellant's claim was vexatious or fictitious. The admitted delay was not so long drawn out as to indicate a desire not to prosecute. The appellant was in no way connected with or responsible for, his prosecutor's dilatory conduct. While we do not condone that conduct [of the attorney], we feel that the circumstances of this case are not such that the appellant should lose his day in court.

*Patterson*, 760 F.2d at 688, quoting *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 889 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). We are convinced that plaintiff's counsel, although ill-informed, was not guilty of the slightest degree of willfulness, bad faith, or contumacious conduct found in the cases cited by the defendants. In fact, the plaintiffs had complied completely with the discovery schedule and the court's trial order. *See Tolbert v. Leighton*, 623 F.2d 585 (9th Cir.1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir.1980).

A district court judge undeniably possesses the authority to dismiss a case under Rule 41(b), *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and if disagreement with the lower court's judgment in this case constituted the sole basis for our decision, our authority to reverse would be questionable. In this case, however, the district judge failed to articulate the legal basis for his absolute requirement that both plaintiffs be present throughout voir dire, nor did he make this requirement known to counsel. A detailed trial order sent to counsel on February 27, 1985 did not mention the requirement.

Appellees argue that "basic trial procedure mandates" that plaintiffs be present for voir dire. If the violation was only of "basic trial procedure," as it seems, dismissal of the plaintiff's case cannot be upheld. Because the legal basis for the court's requirement is not apparent from its decision and has not been cited to us on appeal, we conclude that the district court's dismissal of the Bishops' civil rights claim must be reversed. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.1985). As to the other matters that transpired that morning, we express no opinion.

The judgment of the district court is reversed.