815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon PYLE, Plaintiff-Appellant,
v.
PENNYRILE CITIZENS BANK, INC., Defendant-Appellee.
 No. 85-6075.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Gordon Pyle came to defendant Pennyrile Citizens Bank of Hopkinsville, Kentucky (Bank) on August 25, 1983 to present to the Bank a promotional plan on behalf of the American Traveler Company. Plaintiff presented the plan to the employee in charge of marketing, who then wanted to get approval from the vice president. Plaintiff was waiting in a conference room when the vice president and a police officer approached him, and the vice president said to the officer, "Arrest this man, he is a phony." Plaintiff talked to one police officer and was then taken to the Bank lobby where a second police officer confronted him. The officers threatened to put plaintiff in jail and, according to the complaint, "paraded plaintiff through the bank main lobby in front of the bank customers and its employees." The officers then took plaintiff to the city municipal building where they made plaintiff purchase a privilege license under threat of being jailed.
 
 
 2
 On June 11, 1984 plaintiff filed a complaint against the Bank and the City of Hopkinsville in the United States District Court for the Western District of Kentucky. The complaint alleged a violation of civil rights under 42 U.S.C. Secs. 1983 and 1985 and, on the basis of diversity jurisdiction, false arrest, false imprisonment, abuse of process, defamation of character, and wrongful causing of emotional distress. On July 7, 1984 the Bank filed an answer and the City filed an answer and motion to dismiss. On July 30 plaintiff filed a motion for enlargement of time to file a response, which the court granted on August 3, giving plaintiff until August 19 to respond. Plaintiff failed to respond by the extended deadline, and the court dismissed the case against the City on September 20. On October 1, 1984 plaintiff filed a motion to alter, amend, or set aside the order of dismissal, which the court denied on March 3, 1985. On June 7, 1985 the Bank filed a motion to dismiss under Fed.R.Civ.P. 41(b) for failure to prosecute. Plaintiff responded to that motion on July 9, 1985. The court granted the motion to dismiss for failure to prosecute on September 23, 1985.
 
 
 3
 Addressing the inactivity in the case against the Bank, plaintiff's counsel explains that he had pursued the case during the period between October 1984 and March 1985, but that he did not direct any activity toward the Bank during this period because his primary concern at that point was whether the City would be a defendant and that issue was not resolved until March 13, 1985. Counsel also noted that plaintiff Pyle had shown interest in pursuing the case by calling counsel for status reports. Counsel admits that the reason for his inactivity on Pyle's case from March 13, 1985 to July 1985 was his campaign for re-election as County Attorney and, following the election on May 28, 1985, his duty to attend two weeks of National Guard Summer Camp in June 1985. Counsel is a sole practitioner.
 
 
 4
 In July 1985, after filing a response to the Bank's motion to dismiss, plaintiff's counsel began arranging depositions and took depositions of three bank employees on August 26, 1985. Counsel provided a list of these activities to the district court in a motion to set aside the September 23 dismissal order. The district court denied the motion to set aside the dismissal. Plaintiff then appealed to this court, arguing that the district court abused its discretion in dismissing the case for failure to prosecute.
 
 
 5
 The leading Sixth Circuit case on this issue is Carter v. City of Memphis, 636 F.2d 159 (6th Cir.1980), in which the court asserted that dismissal under Rule 41(b) is "a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.' ... Absent this showing, an order of dismissal is an abuse of discretion...." Id. at 161 (citations omitted). See also Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (this sanction "extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel"). The Carter court also noted that "dismissal is appropriate only if ... no alternative sanction would protect the integrity of pretrial procedures." 636 F.2d at 161. In determining that the district court abused its discretion in dismissing the case, the Carter court offered the following reasons: (1) the plaintiff was blameless, (2) the plaintiff's attorney did file some papers indicating his prosecution of the case, (3) the defendant was not prejudiced, and (4) the defendant's attorney seemed equally dilatory. Id.
 
 
 6
 Under the Carter rationale, which represents the prevailing view on this issue in the Sixth Circuit, see, e.g., Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Coston v. Detroit Edison Co., 789 F.2d 377, 378-79 (6th Cir.1986) (distinguishing Carter but reaffirming its principles), we find that the district court abused its discretion in dismissing Pyle's case rather than imposing some alternative form of sanction. Plaintiff Pyle had not abandoned his allegations; he continually prompted his attorney to pursue his case and showed his interest in prosecuting the case. Plaintiff's attorney did file motions indicating some pursuit of the case, and after his first notice that his delay could result in dismissal, he proceeded to arrange and take several depositions. Unlike the attorney in Carter, Pyle's attorney did not ignore or fail entirely to comply with a court order with respect to the case against the Bank. The Bank, moreover, has not demonstrated or even alleged that the delay prejudiced it in any way. We note that the Bank's attorneys in this case sought no discovery and did not actively pursue the Bank's defense. The district court apparently did not consider any alternative, less drastic sanction to "protect the integrity of pretrial procedures." 636 F.2d at 161.
 
 
 7
 In other cases cited which affirmed dismissals, counsel's conduct was more "contumacious" or more dilatory than was Pyle's attorney's conduct in the instant case. See, e.g., Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962) (counsel was "deliberately dilatory" and failed to appear at pretrial conference); Coston v. Detroit Edison Co., 789 F.2d 377, 378-79 (6th Cir.1986) (counsel failed to appear at pretrial hearing, two pretrial conferences, and oral argument on appeal). In many cases plaintiff or counsel failed to comply with court orders. See, e.g., Burgs v. Sissel, 745 F.2d 526 (8th Cir.1984); Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir.1980); Martin-Trigona v. Morris, 627 F.2d 680 (5th Cir.1980). In Washington v. Walker, 734 F.2d 1237 (7th Cir.1984), plaintiff's counsel failed to take any action for over four years. Pyle's attorney's conduct was unprofessional, but it was not wilful, contumacious, or taken in bad faith. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986).
 
 
 8
 In sum, this case does not present the "extreme situation" warranting the "harsh sanction" of dismissal, especially considering that the neglect involved that of the attorney and not the plaintiff.
 
 
 9
 In considering the record in this case, however, we find that plaintiff has failed to state a cause of action against the Bank under 42 U.S.C. Sec. 1983, because plaintiff has clearly alleged state remedies available under state law in other counts of his complaint. The claim pertains essentially to common law tortious conduct. Because plaintiff has failed to allege inadequate state remedies, the section 1983 claim must be dismissed. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). Moreover, the Bank and its officers were not acting under color of state law. For these reasons the section 1983 action must fail.
 
 
 10
 On the diversity counts, we REMAND to the district court for further consideration. The district court may determine whether the controversy meets the $10,000 jurisdictional requirement under applicable law. The district court may also determine whether to pursue the state law claims in light of United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966) ("Once it appears that a state claim constitutes the real body of the case, ... the state claim may fairly be dismissed.").