849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ali Asgar MAZLOOM, Plaintiff-Appellant,
v.
G. HEILEMAN BREWING CO., INC., Gene Harris, Arnold Sharrer,
Gene ?, President of Union, Gerald Braun,
Defendants-Appellees.
 No. 87-1519.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 On June 24, 1985, Ali Asgar Mazloom, proceeding pro se, filed a complaint against his former employer, G. Heileman Brewing Co., Inc., and several of its employees (hereinafter collectively referred to as defendant), alleging that he had been discriminated against in violation of Title VII, 42 U.S.C. Sec. 2000e. Almost two years later, on May 19, 1987, the district court, upon recommendation from a magistrate, dismissed the action for want of prosecution pursuant to Fed.R.Civ.P. 41(b). We conclude that the district court did not abuse its discretion in dismissing Mazloom's action. Accordingly, we affirm.
 
 I.
 
 2
 After Mazloom filed his complaint in June 1985, referring in one line to alleged discriminatory conduct on March 22, 1984 due to race, religion, and national origin, the district court referred the action to a magistrate. The magistrate held an initial status conference with Mazloom on November 7, 1985. At the conference, the magistrate told Mazloom that unless he had the defendant served with notice of his complaint within thirty days, or requested additional time in which to make service, the magistrate would recommend dismissal of the case for want of prosecution. Notice was served on the defendant within the thirty days allowed.
 
 
 3
 On December 13, 1985, the defendant moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction due to Mazloom's failure to file suit within ninety days of receipt of his "right to sue" notice from the Equal Employment Opportunity Commission ("EEOC").
 
 
 4
 In response to the motion to dismiss, Mazloom filed the following amendment to his complaint which indicated that he received his right to sue notice within the ninety-day period before he filed suit: "Paragraph 8 of the Complaint is amended to show the correct date which is April 10, 1985."
 
 
 5
 The magistrate held a hearing on the motion to dismiss on January 29, 1986. At the hearing, the magistrate ordered Mazloom to supply the defendant with copies of his EEOC correspondence. Mazloom complied with the order. The record reflects that in October of 1984 the Michigan Department of Civil Rights, after investigation, found no witnesses to support plaintiff's charge, and that plaintiff had been reprimanded and counselled about his failure to follow instructions, not finishing his assigned work, and poor attendance. The Michigan investigation found no evidence of unlawful discrimination.[1]
 
 
 6
 Subsequently, on March 4, 1986, the magistrate issued a report and recommendation suggesting that the district court dismiss the motion to dismiss without prejudice due to the defendant's voluntary withdrawal of the motion. The magistrate also recommended that "the Court give consideration to the advisability of appointing counsel to assist [Mazloom] in the presentation of his case." The district court adopted the magistrate's recommendation to dismiss the motion to dismiss without prejudice.
 
 
 7
 On April 17, 1986, an attorney filed a notice of appearance on behalf of Mazloom. A status conference with the magistrate and both counsel was held by telephone on May 6, 1986. At that time, Mazloom's attorney requested that he be allowed fourteen days to file an amended complaint which would set forth more clearly the basis for Mazloom's claim. The magistrate allowed the request.
 
 
 8
 On May 12, 1986, the defendant filed a discovery request seeking the production of certain documents in Mazloom's possession. During 1986, Mazloom's attorney neither filed an amended complaint nor responded to the document request.
 
 
 9
 During the summer of 1986, Mazloom's counsel informed the magistrate "that settlement discussions were ongoing, and that the results of these discussions might moot the need for an Amended Complaint."[2]
 
 
 10
 In early November 1986, after determining that neither party had taken any action in the case for some time, the magistrate ordered an in-person status conference. According to the magistrate:
 
 
 11
 [a]s requested, both counsel appeared for an in-chambers status conference November 13, 1986. My notes of this conference indicate that although settlement discussions had taken place during the summer months of 1986, plaintiff's counsel was very frustrated by the lack of cooperation he was receiving from the plaintiff himself. The content of these settlement discussions were discussed at length. From this discussion, it was clear that the parties felt that a specific statement of plaintiff's concerns made by the plaintiff himself might materially assist the settlement process. Counsel stated that he had been unable to secure such a statement from the plaintiff. Defendant represented that this delay was working considerable prejudice upon his ability to bring the case forward. As a result, I suggested that plaintiff's counsel endeavor to promptly forward to defendant a statement by the plaintiff of his grievances.
 
 
 12
 (Emphasis added).
 
 
 13
 Another telephone status conference was held on December 16, 1986. Again, Mazloom's counsel reiterated his contention that Mazloom would not cooperate with him. The magistrate decided to issue an order setting the briefing schedule and informed counsel for both parties that if the statement of Mazloom's "grievances was not forwarded within seven days, defendant could file any motion deemed appropriate pursuant to the schedule set forth in that Order." No such statement was filed during the seven-day period and, thus, the defendant filed another motion to dismiss the case.
 
 
 14
 Mazloom's attorney did not respond to the motion. Instead, Mazloom filed a handwritten response himself as well as "a statement that he wished to no longer engage the services of an attorney and to proceed himself." Mazloom also filed a one-page, two-paragraph handwritten document captioned "Amended Complaint." In paragraph one of the document, Mazloom alleged that jurisdiction over his action exists under Title VII. In the second paragraph of the document, Mazloom stated that he is a naturalized citizen of the United States residing in Bay City, Michigan. There was never filed prior to judgment any statement of the nature of defendant's alleged discriminatory conduct. No copy of plaintiff's EEOC charge has been made a part of the record in the cause, although it apparently referred to a March 1984 reprimand.
 
 
 15
 A hearing was held on the motion on January 28, 1987. After Mazloom confirmed that he wished to dismiss his attorney, the magistrate granted the attorney's motion to withdraw. The magistrate then heard argument on the motion to dismiss Mazloom's case. Mazloom testified that the failure to prosecute was his attorney's fault, not his, stating:
 
 
 16
 I agree that things didn't move fast enough, but my record shows that when I was handling [sic], it was moving. I tried to get the answers, tried to--I was put in the dark for almost eight, nine months. I couldn't--in fact I used to come here in order to find out what is going on, because I was not getting anywhere.
 
 
 17
 ... I read that, that the Defendant asked for those things which I was not told by my attorney
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 ....
 
 
 21
 * * *
 
 
 22
 What can I--I should not be penalized and drop this whole thing out of the case and not get to the core of the problem....
 
 
 23
 At the conclusion of the hearing, the magistrate informed Mazloom that he would stay a decision on the motion for thirty days in order to allow Mazloom an opportunity to seek new counsel. The magistrate stated that he would, should Mazloom acquire new counsel, allow the attorney "to supplement the response to the motion to dismiss." The magistrate emphasized that "if no attorney files an appearance within 30 days, I will consider that Mr. Mazloom wishes me to decide the motion for dismissal on the record as I have it and the arguments that I have heard today, and I will promptly do so."
 
 
 24
 During the thirty-day period, Mazloom filed a statement representing that all the attorneys he had contacted declined to take his case. Mazloom did not file any additional response to the motion to dismiss, although he did file a response to the defendant's May 1986 request for documents.
 
 
 25
 After the thirty-day period had ended, the magistrate, on April 28, 1987, issued his report and recommendation suggesting that the motion to dismiss be granted. The magistrate stated:
 
 
 26
 [a]fter careful consideration, I am forced to conclude that the plaintiff's continuing inaction and his unwillingness to assist his counsel has substantially frustrated the ability to either settle this case or bring it forward to trial. Although the plaintiff himself has consistently stated his desires to diligently pursue his cause of action, beyond the filing of single-page handwritten responses, he has failed to take objective actions to do so. Plaintiff has been apprised at status conferences and on the record of this Court's inherent power. A previous motion to dismiss was not granted solely because defendant chose to withdraw it without prejudice. Plaintiff was thus clearly on notice that this Court possessed the power to dismiss his case.
 
 
 27
 Throughout the pendency of this case, extensions of time have been granted for the filing of plaintiff's amended complaint and for the accomplishment of various other actions. The actions required have rarely been fully undertaken in the time required. Inaction by the plaintiff himself appears to be the primary cause. While other lesser sanctions could have been assessed upon this pro per plaintiff, a natural unwillingness to issue financial sanctions or to recommend that designated facts be taken as established caused me to hesitate. However, particularly in recent months, a consistent pattern has emerged, that can no longer be ignored.
 
 
 28
 Furthermore, counsel for defendant has represented that the delay in this case has prejudiced its ability to represent the defendant. Counsel has stated that an important witness for the defendant, plaintiff's supervisor, is no longer employed by defendant and has moved out of state.
 
 
 29
 Under these circumstances, I am left with no choice but to suggest that plaintiff has failed to prosecute his cause of action and that dismissal is appropriate pursuant to F.R.C.P. 41(b) and Local Rule 20.
 
 
 30
 (Citation omitted).
 
 
 31
 Mazloom filed timely objections to the magistrate's report and recommendation, again without setting out the nature and basis of his charge of discrimination. Mazloom argued that he had tried to determine from his attorney how his case was progressing but that when he did so he was told either that his attorney was out of the office or that his attorney was working on preparing an amended complaint. Mazloom also stated that he had called the court clerk's office himself and had been told that there was no action on his case.
 
 
 32
 On May 19, 1987, the district court adopted the magistrate's recommendation and dismissed the case.
 
 II.
 
 33
 Dismissal of an action pursuant to Fed.R.Civ.P. 41(b) is a sanction which deprives a plaintiff of his day in court and which should be imposed only in those situations showing a clear record of delay or contumacious conduct by the plaintiff or a failure to set out a claim. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir.1980) (per curiam). In determining whether to dismiss an action under Fed.R.Civ.P. 41(b), the district court should consider the following factors: the vexatious or fictitious nature of the plaintiff's claim; whether the length of the delay involved indicates a desire not to prosecute; the plaintiff's connection with and responsibility for the dilatory conduct; the availability of less severe alternative sanctions; and the prejudice to the defendant resulting from the delay. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam); Carter, 636 F.2d at 161. When the delay involved is solely that of the plaintiff's attorney, dismissal can be inappropriate. E.g. Carter, 636 F.2d at 161. However, under circumstances which fairly indicate that the plaintiff must bear substantial responsibility for the chosen representative's dilatory conduct, dismissal of an action for want of prosecution is not an unjust penalty to impose upon a litigant. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir.1986) (per curiam).
 
 
 34
 Each of the factors described, considered in light of the facts of the present case, indicates that the district court did not abuse its discretion by dismissing Mazloom's action. The first factor, the vexatious or fictitious nature of the claim, favors dismissal. Mazloom has not identified a viable theory of his case for almost two years despite repeated requests by the magistrate. In the original complaint he alleged that race, religion, and nation origin[3] were the reasons for his discharge from employment, but he averred no facts whatever in support of this conclusion, and he did not clarify the basis of his complaint by amendment.
 
 
 35
 The defendant, since May 1986, has attempted to obtain a statement from Mazloom detailing the specific facts which he claims proves discrimination in order to formulate a defense to the action. Not until the motion to dismiss for failure to prosecute was filed did Mazloom attempt to articulate a basis for his charge. At oral argument on the Rule 41(b) motion, Mazloom said that he could prove discrimination by showing that the reasons his superiors gave for moving him to a supervised shift and which forced him to resign from his position were pretextual.[4] At no point, however, did Mazloom suggest the existence of any reasons to suppose that he had been constructively discharged or otherwise discriminated against because of his race, religion, or national origin. On its face, the original complaint stated a vague and unsupported claim in conclusory terms. Amendments failed to change that situation. In response to the motion to dismiss for failure to prosecute, Mazloom could not rest on a bald allegation of discrimination but was required to explain the nature and basis of his allegation. When he attempted to do so, he failed. Thus, this action may be characterized as vexatious and fictitious, or without basis.
 
 
 36
 The second factor, the length of delay, supports the district court's decision. Mazloom filed his action on June 24, 1985. An attorney entered an appearance on his behalf on April 17, 1986. On May 6, 1986, the magistrate ordered the attorney to file an amended complaint. On May 12, 1986, the defendants requested that documents be produced. Neither Mazloom nor his attorney responded to either May request during the rest of 1986. Finally, on January 23, 1987, Mazloom filed a brief amended complaint which still did not inform the defendant of the factual basis for Mazloom's action, along with a response to the document request. The delay may reasonably be characterized as indicating a desire not to prosecute or to follow the suggestions of the magistrate.
 
 
 37
 The third factor, Mazloom's connection to the dilatory conduct, also supports dismissal of the action. Although Mazloom claims that the fault belongs to his attorney, the district court accepted the magistrate's conclusion that the opposite was true, that is, that the delay was attributable to Mazloom. We note that the magistrate reached this conclusion in the context of his familiarity with all the relevant parties and past events. The magistrate supported his conclusion by referring to his notes of the November and December 1986 status conferences during which he recorded Mazloom's counsel's frustration with his client's lack of cooperation. Defendant supported the former counsel's version of Mazloom's conduct by stating "unequivocally" in its motion to dismiss:
 
 
 38
 that this motion is based upon the actions, or inactions, of plaintiff personally. Plaintiff's attorney (former attorney?), Dennis J. Bergevin, has conducted himself in a most responsible and professional manner, giving plaintiff every benefit of his counsel and professional advice, and it is defendant's position that attorney Dennis J. Bergevin is in no way responsible for the conduct of plaintiff as it relates to the substance of this motion to dismiss.
 
 
 39
 In light of this record, we cannot hold that the district court abused its discretion in accepting the magistrate's conclusion that "[i]naction by the plaintiff himself appears to be the primary cause [of the delay]."
 
 
 40
 The fourth factor, less severe alternatives, shows that dismissal was not an abuse of discretion. Because Mazloom requested in his complaint that all fees and costs attendant to the litigation be waived for him, financial sanctions do not appear to have been available. Because Mazloom has not alleged precise facts in support of his discrimination claim, the remedy of directing a finding on certain facts was not available. Dismissal was the only remaining sanction which would have protected the integrity of the pretrial procedures.
 
 
 41
 Finally, the last factor, prejudice to the defendant, is present also. The defendant showed that Mazloom's supervisor no longer worked for the company and had moved out of state. This development was prejudicial to the defendant because the supervisor might not be amenable to compulsion to testify at trial, and securing his attendance at trial, or his testimony by deposition or otherwise might be impracticable.
 
 
 42
 After the January 1987 hearing on the motion to dismiss, the magistrate provided Mazloom with an additional reasonable period within which to secure the assistance of another attorney. Although Mazloom was unable to acquire such assistance, he was free to have raised during that time any additional reason why the motion to dismiss should not be granted, or to file a statement setting forth the basis for his claim. The only factual dispute concerned Mazloom's own conduct during the litigation which was resolved by the magistrate on the basis of the evidence before him. As the record reveals sufficient facts to support the magistrate's resolution of this dispute, we hold that the district court did not abuse its discretion by accepting the magistrate's report and recommendation and, thus, dismissing Mazloom's action pursuant to Fed.R.Civ.P. 41(b). Accordingly, the decision of the district court is AFFIRMED.
 
 
 43
 GEORGE CLIFTON EDWARDS, Jr., concurring in affirmance.
 
 
 44
 Appellant Mazloom argued this case in person. He had previously sought the services of two different lawyers. Both lawyers withdrew after considerable contact with their prospective client. The record we have makes these withdrawals easy to understand; so too does Mr. Mazloom's appearance before our court.
 
 
 45
 Mazloom is a large and obviously very emotional man. While these facts should not determine the outcome of this appeal, Mazloom simply could not tell our panel why this court should order Heileman Brewing Company to return him to his previous job after he had, on his own initiative, quit the job.
 
 
 46
 The judgment of the District Court will be affirmed.
 
 
 47
 BOGGS, Circuit Judge, dissenting.
 
 
 48
 This circuit has a line of precedent which establishes that dismissals for want of prosecution are inappropriate "in the absence of notice that dismissal is contemplated ... unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Harris v. Callwood, No. 86-4001, slip op. at 4 (6th Cir. April 21, 1988) (quoting Bishop, 790 F.2d at 39); see also Carter, 636 F.2d at 161; Holt v. Pitts, 619 F.2d 558, 562 (1980); Patterson, 760 F.2d at 688. Although Mazloom clearly had notice that dismissal was contemplated in this case, I do not agree that the record indicates "contumacious conduct" on his part which warranted dismissal. Rather, the record indicates that there exists a genuine and material dispute as to whether Mazloom diligently attempted to prosecute this action and whether his attorney would not cooperate with his attempt.
 
 
 49
 Unlike the majority, I find it significant that prior to receiving the "benefit" of counsel, Mazloom's pleadings were timely filed, albeit inarticulate and, in some instances, incomplete, as is not unusual with a pro se plaintiff. After his attorney's representation was withdrawn, Mazloom again timely complied with the magistrate's order. Moreover, he responded to the defendant's request for documents and filed an amended complaint, thus performing the very acts whose delinquent performance led to the motion for dismissal. Although the "Amended Complaint" admittedly still does not provide the defendant with sufficient notice of the facts which form the basis of Mazloom's claim, Mazloom stated during oral argument on the Rule 41(b) motion that he is ready to present the court with documents in his possession which he contends will sufficiently prove his claim of discrimination.
 
 
 50
 Thus, I would hold that the district court abused its discretion by dismissing this action without at least addressing the issue of whether Mazloom should bear responsibility for any failure to prosecute this matter, which was raised by Mazloom in his objections to the magistrate's report. Accordingly, I dissent.
 
 
 
 [1]
 The Michigan Department of Civil Rights further reviewed the file on plaintiff's motion for reconsideration and denied it in January of 1985. The EEOC, in November of 1984, concluded that there was no reasonable cause to believe that Mazloom's charge was true
 
 
 [2]
 Mazloom's attorney stated during the hearing in January 1987 on the motion to dismiss for want of prosecution that he and Mazloom had intended to give the defendant
 an outline that was a more definite statement of--a factual statement as to documents and witnesses, which ... would accomplish for the Defendant whether there is a true claim. In essence it would have accomplished what an amendment of the complaint would, stating the claim, how the claim would be supported.
 
 
 [3]
 Mazloom, in his own words, is "an Iranian man of the Moslem religion."
 
 
 [4]
 Mazloom submitted to the district court a signed statement from the Union Steward of the Engineering Department for the brewery with his objections to the magistrate's report and recommendation. The steward states that the "bosses" said they wanted "to keep an eye" on Mazloom because "he was filled with hate, and with him being on a shift alone, there is no telling what he might do."