898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juanita L. TUCKER, Plaintiff-Appellant,
v.
Paul N. CARLIN, Postmaster General of the United States,
Defendant-Appellee.
 No. 89-1687.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Juanita L. Tucker appeals the dismissal of her employment discrimination action filed under Title VII, 42 U.S.C. Sec. 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 633(a), with a pendant breach of contract claim. The district court dismissed the action after plaintiff's counsel withdrew and plaintiff was unable to obtain substitute counsel before the trial date set in the district court's order permitting counsel to withdraw. Upon consideration we conclude that the imposition of the sanction of dismissal is not supported in the record.
 
 
 3
 Generally, dismissal of an action pursuant to Fed.R.Civ.P. 41(b) is not favored and should be imposed only where there exists a clear record of delay or contumacious conduct by the plaintiff. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam). Upon careful consideration of the entire record, we conclude that no record of delay or contumacious conduct exists in this case.
 
 
 4
 Plaintiff's attorney was permitted to withdraw because she obtained new employment with county government and would not be permitted to engage in private practice. In the same order permitting counsel to withdraw, the district court set this matter for trial approximately ninety days later. Plaintiff's contentions that she received her file about sixty days before trial and that she diligently but unsuccessfully searched for replacement counsel are uncontradicted. The adjournment of this case while plaintiff successfully pursued her claims before the EEOC is not contumacious conduct attributable to plaintiff. The claims are not vexatious or fictitious. Nor has defendant alleged inordinate prejudice from delay. Further, plaintiff received no notice that she faced dismissal of her action as a sanction. Under these circumstances, we can only conclude that the dismissal was an abuse of discretion. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988); Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.