1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ramona and Johnny BRANHAM, Plaintiffs-Appellants,
v.
Lee W. DAVIS, D.O., Defendant-Appellee.
 No. 92-6160.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a medical malpractice case, filed in federal court on diversity grounds, that was dismissed for want of prosecution some two and a half years after commencement of the action. The sole question presented on appeal is whether the district court abused its discretion in dismissing the action and denying a motion for reconsideration of the dismissal. Finding no abuse of discretion, we shall affirm the challenged decisions.
 
 
 2
 * The plaintiffs, Ramona and Johnny Branham, filed their lawsuit on January 22, 1990. The complaint, which was very short on specifics, alleged that the defendant, Dr. Davis, attended Mrs. Branham at the delivery of a baby on January 23, 1989, and negligently failed to exercise an appropriate degree of care and skill.
 
 
 3
 On April 30, 1990, the district court ordered that all discovery be completed before November 1, 1990; that all pretrial motions be filed before December 1, 1990; and that a pre-trial conference be held on January 7, 1991. On motion of the plaintiffs the discovery period was later extended to May 1, 1991. On May 13, 1991, the court extended the discovery period to June 1, 1991, again at the instance of the plaintiffs. On May 31, 1991, the trial (then set for July 23, 1991) was continued on motion by the defendant.
 
 
 4
 The rescheduled pre-trial conference was further continued, upon the plaintiffs' motion, on September 9, 1991. At that time the court set December 7, 1992, as the date for a pre-trial conference and January 5, 1993, as the date for trial.
 
 
 5
 On February 21, 1992, having learned that plaintiffs' counsel intended to withdraw, the defendant moved the court either to dismiss the case for want of prosecution or order the plaintiffs to obtain new counsel by March 15. The plaintiffs' lawyer responded with a motion to withdraw and to allow the plaintiffs thirty days to secure new counsel. On May 26, 1992, the court denied the defendant's motion and ordered that "the plaintiffs' counsel's motion to withdraw in this matter be, and the same hereby is, GRANTED. The plaintiffs shall have 30 days from the date of entry of this order to obtain new counsel."
 
 
 6
 No new counsel entered an appearance for the plaintiffs within the prescribed thirty-day period. The defendant doctor renewed his dismissal motion on July 8, 1992, focusing this time on the plaintiffs' failure to comply with the court's order to obtain new counsel. The court granted the motion and dismissed the case on July 14, 1992.
 
 
 7
 On July 20, 1992, through a lawyer who appeared solely for this limited purpose, the plaintiffs moved for reconsideration of the dismissal. The lawyer attached an affidavit indicating that he had assisted the Branhams in trying to find new counsel; that an attorney who agreed to review the file had decided, after doing so, not to represent the plaintiffs; and that the plaintiffs had "acted with due diligence" in trying to secure new counsel. The affidavit said that the file was being sent to a lawyer in Virginia for review, but there was no other indication that the plaintiffs would ever be able to find a lawyer willing to take their case.
 
 
 8
 By order of August 7, 1992, the court denied the motion to reconsider. This appeal followed.
 
 II
 
 9
 Because it was filed within ten days of the district court's entry of final judgment, we construe the Branhams' motion for reconsideration as a motion made pursuant to Rule 59(e), Fed.R.Civ.P. The underlying judgment is subject to appellate review after denial of a Rule 59(e) motion. Peabody Coal Co. v. Local Union Nos. 1734, 1508, and 1534, UMW, 484 F.2d 78, 80 (6th Cir.1973), cert. denied after subsequent appeal, 430 U.S. 940 (1977). The standard that we apply in reviewing the denial of a Rule 59(e) motion is abuse of discretion. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir.1989).
 
 
 10
 The district court's dismissal of the Branhams' action represented an exercise of the court's power under Rule 41(b), Fed.R.Civ.P. That rule provides, in relevant part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The district court's power to dismiss pursuant to Rule 41(b) is discretionary. Bishop v. Cross, 790 F.2d 38 (6th Cir.1986).
 
 
 11
 In Link v. Wabash, 370 U.S. 626, 630 (1962), the Supreme Court recognized "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link noted that a court's failure to give notice of the possibility of dismissal for failure to follow a court order does not necessarily mean that such a dismissal is void; the propriety of a decision to dismiss may be judged largely on the basis of "the knowledge which the circumstances show [the party whose case is dismissed] may be taken to have of the consequences of his own conduct." Id. at 632.
 
 
 12
 The appellants rely chiefly on Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988). In Harris this court examined a series of Rule 41(b) cases from this circuit and others and extracted the following principle: "[I]n the absence of notice that dismissal is contemplated[ ,] a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Id. at 1256, quoting Bishop, 790 F.2d at 39.
 
 
 13
 The Harris court was reviewing a decision to dismiss a case sua sponte upon the failure of a pro se litigant to appear at a final settlement conference. The case at bar, by contrast, was dismissed only after the defendant had twice moved for dismissal. The plaintiffs had been served with copies of both motions, and the plaintiffs were on notice that the district court's order of May 26, 1992, gave them 30 days to obtain new counsel. This was all the time their lawyer had asked for, of course, and on the record of this case it was not unreasonable to charge the plaintiffs with knowledge that their case might be dismissed if they failed to meet the deadline they themselves had suggested. It was therefore within the discretion of the district court to dismiss the case without a showing of bad faith or contumacious conduct.
 
 
 14
 Given the length of time the case had been pending, given the failure of the original complaint to set forth a plain statement of the plaintiffs' claim, given the lack of enthusiasm for the case exhibited by the lawyer who filed the matter originally, and given the fact that other lawyers who were familiar with the case had no interest in trying it themselves and apparently could not recommend any lawyer who had such an interest, the district court would have been justified, we believe, in surmising that the plaintiffs may not have had a particularly strong case. Where there is a realistic prospect of a lawyer's being able to pocket a contingent fee of any size, it has been our experience that competent trial lawyers are not hard to find. This case was not dismissed until more than 40 months after the plaintiffs' cause of action was said to have accrued, and if the plaintiffs could not secure adequate legal representation in that length of time, it is not unlikely that the case never belonged on the docket of a busy federal court in the first place. Be that as it may, we are satisfied that the district court did not abuse its discretion in dismissing the action and declining to reinstate it upon reconsideration.
 
 
 15
 AFFIRMED.