12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin Lee GODDARD, Plaintiff-Appellant,
v.
Ray LARSEN, District Attorney, Fayette County; Harold J.
Buchignani, Director of Fayette County Detention Center;
Metro Police Dept/Det's Webb, Push, Hahn, Barry, Taylor;
Fayette County Sheriff Dept/June Hamilton & Other Unnamed
Sheriff Deputies, Defendants-Appellees.
 No. 93-5059.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 E.D.Ky., No. 88-00432; Wilhoit, J.
 E.D.Ky.
 VACATED AND REMANDED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Calvin Lee Goddard, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Goddard sued the Fayette County District Attorney (Larsen), the director of the Fayette County Detention Center (Buchignani), several detectives (Webb, Push, Hahn, Barry and Taylor), a Fayette County Sheriff Department employee (Hamilton), and other unnamed sheriff deputies. Goddard alleged that the defendants entered the house of his friend without a warrant, arrested him, and seized twenty-four grams of cocaine, paraphernalia and a handgun, in violation of his right to be free from unreasonable searches and seizures.
 
 
 3
 In his original report, the magistrate judge recommended that the complaint be dismissed without prejudice because any ruling by the federal court would involve a ruling implying that Goddard's state court conviction is or would be illegal. The district court adopted this recommendation and dismissed the complaint. Thereafter, this court affirmed the dismissal of Goddard's claims to the extent that he sought injunctive and declaratory relief, but vacated the order regarding the claims for monetary relief, and concluded that the proper course on remand was to stay the action pending the outcome of the state court proceedings. On remand, the district court stayed the action and further ordered Goddard to inform it of the outcome of the state court proceedings within 30 days of the final disposition. Thereafter, on October 26, 1990, it ordered Goddard to file status reports on the state court proceedings every 90 days. On November 30, 1990, Goddard filed his first status report. Thereafter, on April 19, 1991, the district court noted that Goddard had not filed further status reports, and ordered him to "show cause" why the action should not be dismissed for lack of prosecution. Subsequently, Goddard filed a status report informing the district court that he had entered an Alford plea, but did not provide the district court with any additional information on the status of the state court proceedings.
 
 
 4
 Thereafter, the magistrate judge scheduled this action for a status hearing and ordered Goddard to appear at the hearing in person. Goddard submitted a status report but was unable to personally appear at the hearing because he was incarcerated in another state. However, he sent his wife in his stead. After considering Goddard's status report, the magistrate judge filed a report recommending that the complaint be dismissed for lack of prosecution and failure to comply with the court's orders. The magistrate judge concluded that Goddard had repeatedly failed to file timely and informative status reports. Over Goddard's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. The district court concluded that the objections failed to inform it of the outcome of the criminal proceedings. Goddard has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court abused its discretion in dismissing Goddard's complaint. A district court may dismiss a case under Fed.R.Civ.P. 41(b) only in extreme situations reflecting a clear record of delay or contumacious conduct by the plaintiff. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam). In determining whether a district court has abused its discretion, the reviewing court should consider: 1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; 2) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 3) whether less drastic sanctions were imposed or considered before dismissal was ordered. See Taylor v. Medtronics, Inc., 861 F.2d 980, 986-87 (6th Cir.1988) (citing Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988)). Another line of cases instructs that it would be helpful to consider: 1) whether the plaintiff's claim was vexatious or fictitious; 2) whether the length of the delay indicates a desire not to prosecute; and 3) whether and to what extent the party, rather than counsel, was responsible for the delay. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986) (citing Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam)).
 
 
 6
 Dismissal was inappropriate under the first line of cases. The defendants have not been prejudiced in any respect by Goddard's failure to appear personally at the status hearing. Goddard was also not warned that his failure to appear could result in the dismissal of his lawsuit, although he had been warned previously that the failure to file his status reports could result in dismissal. This lack of a pre-dismissal warning for failure to appear at the hearing is pivotal to the determination of willfulness. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). The court considers it pertinent to the issue of willfulness that Goddard did file another status report and that he did send his wife to the hearing to explain that he could not appear because he was imprisoned. There is also no evidence that the district court considered less drastic sanctions before dismissal was ordered.
 
 
 7
 Under the second line of cases, it does not appear that Goddard's claim is vexatious or fictitious. The length of the delay is also minimal; Goddard missed one hearing, filed an additional status report and sent his wife to the hearing. While counsel was not responsible for the delay, as Goddard is proceeding pro se, Goddard's confinement reflects that he was not personally willful in missing the hearing.
 
 
 8
 On balance, dismissal was simply not appropriate in this case. Goddard filed a total of three status reports, only one of which was untimely. Furthermore, it is apparent from a review of the reports that Goddard entered an Alford plea to the charges filed against him and that he was unable to attend the status hearing ordered by the magistrate judge because he was imprisoned. Under these circumstances, we conclude that Goddard had not displayed a clear pattern of delay or contumacious behavior to support dismissal of his complaint.
 
 
 9
 Accordingly, we hereby vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.