21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard Earl MACK, Plaintiff-Appellant,
v.
MALONE & HYDE, INC., Defendant-Appellee.
 No. 93-5814.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1994.
 
 Before: GUY and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On September 14, 1987, plaintiff, Richard Mack, filed a pro se 42 U.S.C. Sec. 1981 civil rights complaint, alleging racial discrimination by his previous employer. On February 4, 1988, an amended complaint was filed by retained counsel alleging a Title VII employment discrimination claim. 42 U.S.C. Sec. 2000e et seq.[1]
 
 
 2
 Due to problems with Mack's counsel and mental health, little progress was made in this case. Finally, on January 5, 1993, defendants moved for dismissal due to plaintiff's failure to prosecute. This motion for dismissal was granted on February 18, 1993, but on motion of the plaintiff, the order of dismissal was set aside on March 3, 1993. After reviewing the reasons offered by plaintiff for the continued delay, the court again entered an order of dismissal on May 3, 1993. This appeal followed.
 
 
 3
 Upon a review of the record, we conclude that dismissal was appropriate and we affirm.
 
 
 4
 As a court, we have taken a very careful look at district court dismissals imposed as sanctions for discovery abuses or for failure to prosecute. For example, in Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988), we reversed a Rule 41(b) dismissal noting that:
 
 
 5
 In the Sixth Circuit, we have frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal. See, e.g., Carter v. City of Memphis, 636 F.2d 159, 161 (1980) (penalty of dismissal applies only in "extreme situations" of deliberate delay or "contumacious conduct"); Holt v. Pitts, 619 F.2d 558, 562 (1980) (same); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (1985) (same); Bishop v. Cross, 790 F.2d 38, 39 (1986) (dismissal requires a "degree of willfulness, bad faith or contumacious conduct")....
 
 
 6
 From these cases we extract the principle that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."
 
 
 7
 Our published decisions do not adequately reflect the conservative approach we have taken to dismissal as a sanction. Most of our decisions dealing with this subject are unpublished because they are fact specific and really set forth no new law.[2] In a similar vein, most of our recent decisions affirming Rule 41(b) decisions also have been unpublished. These decisions clearly indicate that in appropriate cases we will not hesitate to affirm a Rule 41(b) dismissal.[3]
 
 
 8
 Without trying to set out a definitive test, it is fair to say that, in deciding whether or not to affirm or reverse a dismissal for a failure to prosecute, we look to (in no particular order of importance) the length of the delay, the nature of the case, the reasons offered to explain the delay, the warnings given to the plaintiff, the prejudice to the defendant, and whether the delay properly can be laid at the feet of the plaintiff or is the fault of counsel.
 
 
 9
 When we apply this sort of analysis to the instant case, it is clear that the district court judge did not abuse his discretion in dismissing this case for lack of prosecution.
 
 
 10
 To begin with, the trial judge exhibited the patience of Job and never gave the appearance of acting out of a sense of simply being personally irritated by the delay. This case was pending for seven years and trial was continued no less than seven times, sometimes being continued on the eve of trial when defendant was fully prepared to go forward. Further, the trial judge unequivocally warned the plaintiff on at least two occasions that, unless plaintiff moved forward with the case, it would be dismissed.
 
 
 11
 Plaintiff started this action with the filing of a very generalized pro se complaint. Shortly after he secured counsel, counsel filed an improved but still very general complaint, and withdrew due to irreconcilable differences with the plaintiff. Despite the court's orders to retain new counsel, plaintiff, on at least four occasions, failed to secure new counsel within the time allotted by the court. Plaintiff secured from the trial judge five extensions of time to secure new counsel. Plaintiff took over two and one-half years to secure new counsel after his first counsel withdrew. Additionally, there was at least one pretrial conference at which neither plaintiff nor his counsel appeared.
 
 
 12
 In our view, plaintiff's only meritorious argument is that part of the delay in this case was caused by the fact that he was ill. Although the record never details this illness or the treatment, if any, being administered, it appears that plaintiff was having mental problems and suffering from depression. It is for this reason that the court vacated its first order of dismissal and gave the plaintiff yet another final opportunity to detail his medical problems. Plaintiff failed to do so. Plaintiff only submitted a short note from a doctor, which indicated that he did not think plaintiff could go forward with a trial at that time, but which offered no diagnosis or objective medical support.
 
 
 13
 Not all Rule 41(b) dismissals reflect intentional fault on the part of a plaintiff. There comes a point in time when, in fairness to the defendant, a case has to go forward. We think that point was reached here. Seven years, all the while incurring substantial legal costs, is long enough for a defendant to wait for a plaintiff to move forward.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The 42 U.S.C. Sec. 1981 claim was subsequently dismissed and is not implicated in these proceedings
 
 
 [2]
 See, e.g., Justen v. Zagula, No. 93-3024 (6th Cir. Mar. 2, 1994) (Rule 41(b) dismissal for failure to prosecute reversed where court failed to give advance notice of possibility of dismissal); Goddard v. Larsen, No. 93-5059 (6th Cir. Nov. 24, 1993) (Rule 41(b) dismissal reversed due to failure to give pre-dismissal warning and no prejudice shown by defendants); Ford Motor Credit Card Co. v. Salter (In re: Eric Salter), No. 92-4300 (6th Cir. Oct. 20, 1993) (dismissal of bankruptcy appeal reversed where no egregious circumstances were present); Wafford v. Postmaster General, No. 92-6403 (6th Cir. Mar. 31, 1993) (dismissal for failure to prosecute reversed)
 
 
 [3]
 See, e.g., Branham v. Davis, No. 92-6160 (6th Cir. July 12, 1993) (dismissal affirmed where plaintiff, after being warned, failed timely to secure new counsel); Walker v. Dallman, No. 92-3817 (6th Cir., Mar. 4, 1993) (Rule 41(b) dismissal affirmed where plaintiff had actual notice that dismissal was contemplated)