51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip D. JACOBS, et al., Plaintiffs-Appellants,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 94-4048.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and JOINER, District Judge.*
 
 ORDER
 
 2
 Phillip D. Jacobs, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, nineteen inmates at the Lebanon Correctional Institute in Lebanon, Ohio, sued multiple prison officials, maintenance workers, and state officials. Only a few defendants were designated as being sued in their individual and official capacities. Plaintiffs alleged that the prison's water contained high levels of lead which is a cause of sickle-cell anemia. Plaintiffs felt that because they were African-Americans and were particularly susceptible to sickle-cell anemia, they were being subject to cruel and unusual punishment.
 
 
 4
 A magistrate judge recommended that plaintiffs' complaint be dismissed for want of prosecution. Upon de novo review, the district court dismissed the complaint without prejudice. Only plaintiff Phillip Jacobs signed a notice of appeal.
 
 
 5
 In his brief, Jacobs argues, on behalf of all the plaintiffs, that the district court abused its discretion in dismissing the case and that the district court erred by impeding plaintiffs' ability to file a pleading.
 
 
 6
 Initially, we note that all the plaintiffs are properly before the court. In his notice of appeal, Jacobs uses the term "et al." This term is sufficient to designate Jacobs's fellow inmates as appellants. Fed.R.App.P. 3(c); see also Ford v. Elsbury, 32 F.3d 931, 933-34 (5th Cir.1994).
 
 
 7
 This court reviews a district court's dismissal for want of prosecution under the abuse of discretion standard. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam). The dismissal sanction should be used as a last resort after the court considers the feasibility of lesser sanctions. Patterson v. Township of Grand Blanc, 760 F.2d 686, 688-89 (6th Cir.1985) (per curiam). The dismissal of an action is a harsh sanction which a court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Carter, 636 F.2d at 161. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion such that the district court is limited to lesser sanctions designed to achieve compliance. Id.
 
 
 8
 Jacobs filed his complaint on May 6, 1994. On the same day, a magistrate judge ordered Jacobs to file with the court by May 31, 1994, documentation supporting his allegations sufficient to withstand a motion for summary judgment. Although Jacobs attempted to comply with the magistrate judge's order, the clerk of court refused to file Jacobs's response because Jacobs failed to serve the response on the defendants. On June 8, 1994, the magistrate judge recommended dismissing the case for want of prosecution. These facts do not establish that Jacobs engaged in delay or contumacious conduct. Rather, he attempted to comply with the magistrate judge's order. Further, it was only 33 days from the time the complaint was filed until the magistrate judge recommended dismissing the case for want of prosecution. This is not an inordinate period of time for the case to be on the court's docket. Therefore, we hold that the district court abused its discretion in dismissing the complaint for want of prosecution. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986).
 
 
 9
 Accordingly, we vacate the district court's order and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation