107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory A. SMITH, Petitioner-Appellant,
v.
James A. BOWLEN, Warden, Respondent-Appellee.
 No. 96-5213.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 W.D.Tenn., No. 93-02253; Jon P. McCalla, Judge.
 W.D.Tenn.
 VACATED.
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Gregory A. Smith appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Shelby County, Tennessee, Criminal Court in 1975, petitioner and his co-defendant were convicted of assault with intent to commit first degree murder and three counts of robbery with a deadly weapon. Petitioner and his co-defendant were sentenced to a 6-15 year term of imprisonment and three 65 year terms of imprisonment, respectively, all to be served consecutively. The convictions and sentences were affirmed by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied leave to appeal.
 
 
 3
 Thereafter, petitioner and his co-defendant sought post-conviction relief in the trial court alleging that they received ineffective assistance of counsel from their single attorney. Following an evidentiary hearing, the trial court denied the motion for post-conviction relief. The Tennessee Court of Criminal Appeals affirmed the trial court's judgment, and the record does not reflect whether petitioner sought review by the Tennessee Supreme Court.
 
 
 4
 Next, petitioner filed his habeas petition in the United States District Court for the Eastern District of Tennessee alleging that he received ineffective assistance of counsel at trial. The case was transferred to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 2241(d). In February 1994, the magistrate judge then entered an order directing respondent to file a response to the habeas petition. Nearly two years later, the district court dismissed the petition for failure to prosecute because respondent failed to filed a response to the habeas petition. This timely appeal followed, and the district court denied petitioner a certificate of probable cause to appeal. This court granted petitioner a certificate of probable cause.
 
 
 5
 Generally, the court reviews only for an abuse of discretion a district court judgment dismissing a complaint pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Coleman v. American Red Cross, 23 F.3d 1091, 1094 (6th Cir.1994); Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). The district court must make findings of fact and conclusions of law supporting a dismissal for failure to prosecute. Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). In addition, the district court should consider: (1) whether petitioner's claim is vexatious or fictitious; (2) whether the delay indicates dilatory conduct; (3) petitioner's responsibility for the delay; (4) whether lesser sanctions are available; and (5) whether the delay prejudiced the respondent. Id. Absent specific notice that dismissal is contemplated or a record showing petitioner's bad faith, dismissal is improper. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). However, dismissal pursuant to Fed.R.Civ.P. 41(b) is proper where there exists a clear record of delay or contumacious conduct. Little, 984 F.2d at 162. Finally, dismissal is a sanction of last resort and should be used only where lesser sanctions are not feasible. See Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988); Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988). Here, dismissal of petitioner's action was not proper.
 
 
 6
 Although the district court did not make specific findings of fact and conclusions of law in its order of dismissal, the order reflects that the basis for the dismissal of petitioner's action was respondent's failure to file a response to the habeas petition. To the extent that petitioner should have taken some action to alert the district court to respondent's failure to respond, the sanction of dismissal of the case was not warranted. Moreover, petitioner received no notice that dismissal of the petition was contemplated and no sanction less than dismissal was considered. Further, the record does not reflect circumstances warranting dismissal under the remaining pertinent considerations. See Bishop, 790 F.2d at 39.
 
 
 7
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.