760 F.2d 686
 2 Fed.R.Serv.3d 350
 Robert PATTERSON, Plaintiff-Appellant,
v.
TOWNSHIP OF GRAND BLANC, Officer Chris Piazza, Officer Debra
Bayer, Officer Cindy Raber, and all officers of
the Grand Blanc Township, Jointly and
Severally, Defendants-Appellees.
 No. 84-1317.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 14, 1985.
Decided April 24, 1985.
 
 Kenneth M. Scott (argued), Flint, Mich., A. Glenn Epps, Detroit, Mich., for plaintiff-appellant.
 Daniel O'Leary, Owen J. Cummings, Susan Nelson (argued), Livonia, Mich., for defendants-appellees.
 Before WELLFORD and MILBURN, Circuit Judges, and, PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff in this cause filed a Sec. 1983 action against Grand Blanc Township on February 28, 1983. On March 31, 1983, defendants filed a petition for removal to federal court. The court sent the parties a scheduling notice on May 12, 1983. On October 26, 1983, plaintiff filed a "Notice of Withdrwl [sic]" (which was dated 8-31-83) asking that the district court case be dismissed.[1] The district court treated plaintiff's motion as a petition to remand to state court, which it denied on November 1, 1983. On January 9, 1984, the district court entered an order directing all attorneys to attend a hearing concerning defendant's motion to dismiss, scheduled for February 10, 1984 (later changed to March 8, 1984). On March 9, 1984, the judge entered the following order:
 
 
 2
 plaintiff had engaged in no discovery. His answers to interrogatories, filed 4 1/2 months late, did not comply with the Federal Rules of Civil Procedure and were unacceptable. Plaintiff completely ignored this Court's February 24, 1984 Order that he prepare and submit a final pretrial statement jointly with defendants. Plaintiff's counsel has demonstrated throughout this case either an inability or an unwillingness to follow the rules or the orders of this Court.
 
 
 3
 The court then ordered plaintiff to pay $1000 plus costs as a sanction for "total neglect of this case" and further ordered plaintiff to answer all interrogatories by March 14 or risk having his case dismissed. On March 19, 1984, the court ordered the case dismissed with prejudice noting that plaintiff
 
 
 4
 has ignored the Court's February 13, 1984 order to serve defendants with his motion to amend and proposed amended complaint. Furthermore, he has ignored this Court's February 24, 1984 order to confer with defendants to prepare and file a joint final pretrial statement.
 
 
 5
 Plaintiff promptly filed a motion for reconsideration of the March 9 order, which the court denied. In his affidavit in support of a motion to amend the March 19th order, plaintiff's counsel "admits that all of the Court's Orders were not followed completely by Plaintiff's counsel, but counsel did not willfully refuse to obey or follow any Orders of the Court or Rules thereof."
 
 
 6
 On April 13, 1984, the court denied plaintiff's latest motion for reconsideration, noting that its dismissal was pursuant Rule 41(b)--failure to prosecute--and not, as plaintiff misapprehends, pursuant to Rule 37(b)(2)--failure to engage in discovery. The defendants then filed a petition for an award of costs and attorney fees to which the plaintiff and his counsel did not respond. The court awarded an additional $1,460 for attorney fees.[2]
 
 
 7
 Plaintiff cites Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), as support for its position that the district court erred in dismissing the case pursuant to Rule 41(b) rather than applying appropriate sanctions pursuant to Rule 37(b)(2). The Supreme Court in Rogers addressed the propriety of dismissing a case pursuant to Rule 41(b) for the plaintiff's failure to comply with a discovery order when plaintiff had made good faith efforts to produce and had offered alternatives other than simple production with respect to documents that the foreign law clearly prohibited it from producing. The district court dismissed pursuant to Rule 41(b) because it was unsure whether the language of Rule 37(b) permitted it to dismiss a case when a party simply failed to obey a court order (rather than willfully refused). The Supreme Court noted that for purposes of Rule 37 "the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply." Id. at 208, 78 S.Ct. at 1094. After determining that the dismissal was properly brought under Rule 37 rather than Rule 41, the Court addressed the propriety of such a dismissal and concluded that the district court had abused its discretion in dismissing the case because such a dismissal penalized a party "for a failure to do that which it may not have been in its power to do." Id. at 210, 78 S.Ct. at 1095, quoting Hammond Packing Co. v. Arkansas, 212 U.S. 322, 347, 29 S.Ct. 370, 378, 53 L.Ed. 530. The Court found critical that the plaintiff was actually attempting to prevent a loss of property to the Government. The Court held under these circumstances that due process indicated a hearing on the merits. Id. at 211, 78 S.Ct. at 1095. The instant case lacks the elements found critical in Rogers and it does not support the plaintiff's position here.
 
 
 8
 There is authority, however, that such dismissal with prejudice may be an abuse of discretion. The sanction is extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel:
 
 
 9
 There was no indication that the appellant's claim was vexatious or fictitious. The admitted delay was not so long drawn out as to indicate a desire not to prosecute. The appellant was in no way connected with or responsible for, his proctor's dilatory conduct. While we do not condone that conduct [of the attorney], we feel that the circumstances of the case are not such that the appellant should lose his day in court.
 
 
 10
 Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 889 (5th Cir.1968) (emphasis added); see also Carter v. City of Memphis, 636 F.2d 159 (6th Cir.1980). This court in Carter quoted a Yale Law Journal article which noted the other modes of discipline available against the dilatory attorney including:
 
 
 11
 (1) a reprimand by the court, (2) a finding of contempt, or (3) a prohibition against practicing for a limited time before the court whose order was neglected or disregarded. It seems fairly clear that the judicious use of such measures would tend to promote attorney compliance in the first instance.
 
 
 12
 Id. at 889, citing Sanctions at Pre-Trial Stages, 72 Yale L.J. 819, 830. The trial court properly imposed a $1,000 sanction against the attorney for his failure to abide by the court's orders, but lack of compliance with all of its orders within five days falls short of establishing a basis for final dismissal of the plaintiff's claim. The plaintiff is the party who must bear this sanction rather than the attorney. Under the circumstances, we find the district court abused its discretion but only in dismissing plaintiff's claim with prejudice. See Carter, supra, 636 F.2d at 161.
 
 
 13
 We find, despite counsel's shortcomings, no "clear record of delay or contumacious conduct by the plaintiff," Carter at 161, quoting Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978), so that an "alternative sanction [that] would protect the integrity of pre-trial procedures" should have been utilized rather than dismissal with prejudice under Rule 41(b).
 
 
 14
 We sympathize entirely with the district court's frustration under the circumstances, but we remand for an opportunity on the part of plaintiff to have "his day in court," provided certain conditions are met.
 
 
 15
 Accordingly, we VACATE the district court's dismissal of plaintiff's cause, and REMAND with instructions.
 
 
 16
 The further conditions imposed upon plaintiff as a basis for reinstatement of his cause of action include:
 
 
 17
 (1) payment of the $1460 attorney fees of defendants heretofore assessed by the district court within 30 days,
 
 
 18
 (2) payment of the costs of this appeal within 30 days,[3] and,
 
 
 19
 (3) filing of answers to interrogatories submitted by defendants in compliance with the Federal Rules of Procedure within 30 days.
 
 
 20
 In addition, if plaintiff is ultimately successful in obtaining an award of damages against any defendant, there will be no award of interest on such recovery before the entry of this opinion. The decision of the district court is reversed to the extent indicated but only upon the satisfaction of all conditions herein set out.
 
 
 
 [1]
 Indicative of plaintiff's counsel's problem in handling this matter, plaintiff's counsel claims he thought he inadvertently had filed two complaints, one in state court and one in federal court
 
 
 [2]
 Plaintiff's counsel in brief and at oral argument conceeded that the district court's penalty of $1,000 was not an abuse of discretion. This has been paid but not the additional attorney fees, also not seriously contested
 
 
 [3]
 With respect to all costs and fees assessed against the party we make no determination concerning whether plaintiff as opposed to his attorney should be ultimately responsible