787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TENNIS MAYNARD, JR., Plaintiff-Appellant,
v.
JOHN CARL BREWER, ET AL., Defendants-Appellees.
 84-5823
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 VACATED AND REMANDED
 E.D.Ky.
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 This Kentucky plaintiff appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 and assessing costs against him. The cause was dismissed with prejudice due to plaintiff's failure to prosecute his case in a timely fashion.
 
 
 2
 Upon review of the cause in light of the arguments asserted by the parties in their respective appellate briefs, this Court concludes that the district court properly assessed costs against the plaintiff, but that it abused its discretion in dismissing the case with prejudice. Rather than dismissing the case with prejudice, we believe the district court should have considered other sanctions more appropriate to the circumstances of this case, ie. monetary sanctions, reprimand by the court, finding of contempt or temporarily prohibiting the plaintiff's attorney from practicing before the court. This is especially appropriate because it is also apparent that the plaintiff was not personally responsible for any of his attorney's shortcomings. See Patterson v. Township of Grand Blanc, 760 F.2d 686, 688-89 (6th Cir. 1985) (per curiam). In addition, although counsel for the plaintiff missed two pre-trial conferences, his excuses were accepted by the court and they demonstrated that his absences were not willful or in bad faith. His failure to file the requested memorandum regarding plaintiff's position on judicial admissions also does not appear to have been a bad faith refusal to comply with a district court order. Given the blatant judicial admission by the plaintiff in his deposition that the jailer did not assault him, absent exceptional circumstances, this admission is binding on the parties and cannot be challenged in the trial court or even on appeal. See Ferguson v. NHS, 780 F.2d 549, 550-51 (6th Cir. 1986), and cases cited therein. Plaintiff's failure to file the memorandum should have resulted only in an award of summary judgment for the jailer-Earl Banks. The prejudice cited by the defendant-Brewer also appears to reflect not a prejudice to his defense but to plaintiff's ability to meet his burden of proof. He cites to plaintiff's inability to recall specific facts surrounding the alleged assault. He also claims that plaintiff has produced insufficient medical proof of his injuries. If this is the case, the defendant-Brewer should first seek an order compelling discovery before he can fairly seek to justify the dismissal for want of prosecution on partial reliance upon his own failure to obtain discovery from the plaintiff. In light of plaintiff's assertion that he was ready, willing and able to proceed to trial when the case was dismissed, we conclude that plaintiff's case should not have been dismissed against defendant-Brewer, but rather, it should have proceeded in normal course at the plaintiff's own risk of having inadequately prepared his proof.
 
 
 3
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated to the extent it dismissed plaintiff's cause of action with prejudice. The award of costs, however, is affirmed; and, this cause is hereby remanded for further consideration of other sanctions and for the cause to proceed in normal course. Rule 9(d)(4), Rules of the Sixth Circuit.