818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Artis Fadee JOHNSON, Plaintiff-Appellant,
v.
Governor William G. MILLIKEN; Perry M. Johnson, Director;
and Charles E. Anderson, Warden, Defendants-Appellees.
 No. 86-1806.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of plaintiff's motion for appointment of counsel on appeal from the dismissal of his pro se civil rights action for failure to prosecute. After examination of the record and plaintiff's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated this action in the Eastern District of Michigan on April 11, 1978, and filed an amended complaint on September 5, 1979. The matter was thereafter transferred to the Western District of Michigan following the transfer of plaintiff to a prison within that district.
 
 
 3
 On June 24, 1986, the magistrate entered an order requiring plaintiff to submit a narrative statement of his case on or before August 8, 1986. Plaintiff's copy of that order was returned by the postal service marked "attempted--not known" on July 21, 1986. The district court attempted to locate plaintiff by telephone unsuccessfully, and dismissed plaintiff's case on July 24, 1986 for failure to keep the court apprised of his current address and for failure to prosecute.
 
 
 4
 Dismissal for lack of prosecution is disfavored and is warranted only where a "clear record of delay or contumacious conduct" exists. Patterson v. Township of Grand Blanc, 760 F.2d 686, 688-89 (6th Cir. 1985)(per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980)(per curiam). Under the circumstances of this case, we conclude that the dismissal was not warranted.
 
 
 5
 The returned order appears to have been mailed to an address which does not otherwise appear of record. Plaintiff also seasonably notified the court that he had been transferred between prisons at the time the court attempted to contact him.
 
 
 6
 In addition, although this case was inactive between November 1, 1982 and April 9, 1986, this inactivity does not appear to be attributable to plaintiff. Plaintiff diligently attempted to prosecute this action before and after this period, and his motion for transfer of venue was pending before the court during this time.
 
 
 7
 Finally, we note that plaintiff has facially stated a cognizable cause of action in his complaint and amended complaint, at least with respect to some defendants. See Walker v. Mintzes, 771 F.2d 920, 929-31 (6th Cir. 1985); Brown v. Johnson, 743 F.2d 408 (6th Cir. 1984), cert. denied, 469 U.S. 1215 (1985). Defendants have not yet filed an answer to the lawsuit, nor has the action been disposed of with respect to any defendant. Further proceedings are therefore required regardless of the ultimate merits of the action. See Holt v. Pitts, 619 F.2d 558, 562-63 (6th Cir. 1980).
 
 
 8
 It is therefore ORDERED that plaintiff's motion for appointment of counsel is denied; the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order.