865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re PIGS ARE BEAUTIFUL, INC. (87-4011).
In re James Ross HARTLEY, Sharon Lee Hartley, etc.
(87-4018), Debtors.
In re Quentin M. DERRYBERRY, II, Former Trustee-Appellant.
 Nos. 87-4011, 87-4018.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1989.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Quentin M. Derryberry, II ("Derryberry"), formerly a licensed attorney and bankruptcy trustee, appeals (1) from the judgment of the district court dismissing his appeal from the bankruptcy court (No. 87-4018), and (2) from the judgment of the district court dismissing his appeal of the bankruptcy court's rejection of his final report in the bankruptcy of Pigs Are Beautiful, Inc. ("PAB") (No. 87-4011). For the reasons that follow, we reverse and remand.
 
 
 2
 Appellant Derryberry was convicted of one count of embezzlement and one count of perjury in January 1987. On appeal, this court reversed the embezzlement conviction, but affirmed the perjury conviction.
 
 
 3
 Case No. 87-4018 ("the disbarment case") arose in March 1987, when an unsecured creditor moved to have Derryberry compelled to comply with a prior bankruptcy court order in a pending bankruptcy. The bankruptcy court then sua sponte ordered Derryberry to show cause why he should not be removed from office, ordered to return all trustee fees, and barred from practicing before the bankruptcy court. On April 24, 1987, after a two-day hearing, the bankruptcy court removed Derryberry as a trustee and disbarred him from bankruptcy practice. Derryberry appealed to the district court.
 
 
 4
 The second case in this appeal (No. 87-4011) ("the final report case") originated on May 27, 1987, when Derryberry tried to file a trustee's final report in the PAB bankruptcy. The bankruptcy court rejected the report because (1) he lacked the standing and capacity to practice before it, and (2) since he was no longer trustee, he was not entitled to file a trustee's report. Derryberry appealed to the district court.
 
 
 5
 After two extensions were granted by the district court in response to Derryberry's motions, the deadlines for filing briefs in support of the appeals were October 2, 1987 (the disbarment case) and October 17, 1987 (the final report case). In early September 1987, the Ohio Supreme Court ordered Derryberry to stop practicing law.
 
 
 6
 Derryberry missed the October 2, 1987, deadline. On October 8, 1987, the district court sua sponte ordered the appeal dismissed. On October 16, 1987, Derryberry moved to vacate the dismissal and reinstate his appeal. This motion, however, was labeled with the wrong numbers--No. 87-4011 ("the final report case"), instead of the correct No. 87-4018. The district court did not mention this error and, in fact, wrongly numbered its opinion and order denying the motion. Derryberry also missed the October 17, 1987, deadline for filing a supporting brief in the final report case.
 
 
 7
 On November 2, 1987, the district court vacated its order of October 16, 1987. Recognizing the numbering errors, the district court explained its October 16, 1987, order was "for naught." It could not vacate the dismissal and reinstate the appeal in the final report case because it had never issued an order or judgment in that case. Therefore, the dismissal of the disbarment case was final because Derryberry had never contested it. And since no briefs were filed by the October 17, 1987, deadline in the final report case, the district court dismissed that appeal as well. Derryberry filed appeals with this court on November 6, 1987.
 
 
 8
 The principal issue on appeal is whether the district court abused its discretion in dismissing Derryberry's appeals for failure to file supporting briefs in a timely manner. From our review of the record, we believe the district court abused its discretion in dismissing these appeals without providing any reasons for its decisions. This is an especially harsh result under the circumstances of the cases. See Patterson v. Township of Grand Blanc, 760 F.2d 686, 689 (6th Cir.1985) (per curiam); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980).
 
 
 9
 Accordingly, the judgments of the district court dismissing these consolidated appeals are REVERSED, and these cases are REMANDED for further proceedings consistent with this opinion. We intimate no view as to the eventual outcome of these cases.