**Paul D. POLLITT, II and Cindy Pollitt,
Plaintiffs–Appellants,**

v.

**GENERAL MOTORS CORPORATION;
General Motors Corporation, Inland
Division; Union Carbide Corp.; Mobay
Chemical Corp.; BASF Wyandotte
Corp.; Allied Chemical Corp.; E.I. Du-
pont De Nemours & Co.; Dow Chemi-
cal Co.; Matlack, Inc.; Baychem Cor-
poration; John Doe I–XV, Defendants–
Appellees.**

**and**

**Juanita POLLITT and Paul Pollitt, Sr.,
Plaintiffs–Appellants/Cross–Appellees,**

v.

**MOBAY CHEMICAL CORPORATION;
BASF Wyandotte Corp.; Allied Chemi-
cal Corp.; E.I. Dupont De Nemours &
Co.; Dow Chemical Company; Bay-
chem Corp., Defendants–Appel-
lees/Cross–Appellants.**

Nos. 88–3575, 88–3587, 88–3625,
88–3626 and 88–3627.

United States Court of Appeals,
Sixth Circuit.

Submitted July 31, 1989.

Decided Jan. 31, 1990.

See also, D.C., 95 F.R.D. 101.

Paul D. Pollitt, II, Clearwater, Fla., pro se.

Cindy L. Pollitt, Clearwater, Fla., pro se.

Juanita Pollitt, Largo, Fla., pro se.

Paul Pollitt, Sr., Largo, Fla., pro se.

Thomas P. Whelley, II, Dayton, Ohio, Edna Scheuer, Smith & Schnacke, Cincinnati, Ohio, Thomas E. Palmer, Squire, Sanders & Dempsey, Columbus, Ohio, Thomas H. Pyper, Porter, Wright, Morris & Arthur, Dayton, Ohio, Willis A. Siegfried, Jr., Eckert, Seamans, Cherin & Mellott, John J. Buchan, Pittsburgh, Pa., Robert B. Coughlin, Young, Pryor, Lynn & Jerardi, Leo F. Krebs, Bieser, Greer & Landis, Dayton, Ohio, for defendants-appellees and cross-appellants.

Before KRUPANSKY and RYAN, Circuit Judges and WILHOIT, District Judge.*

PER CURIAM.

Plaintiffs-appellants, proceeding *pro se*, appeal from the decision of the district court adopting the United States Magistrate's report and recommendation. The Magistrate recommended that the cases filed by the appellants be dismissed without prejudice for want of prosecution. The cross-appellants appeal the district court's decision to dismiss the cases filed by Juanita and Paul Pollitt, Sr. without prejudice and argue that these cases should have been dismissed *with* prejudice. For the reasons outlined below, the Court affirms the judgment of the lower court.

I

This appeal involves three cases. The first case was brought by Juanita Pollitt and her husband Paul Pollitt, Sr. They alleged that Juanita Pollitt while employed at the General Motors Corporation Inland Division plant located in Vandalia Ohio ("Inland plant") suffered personal injuries as a result of exposure to a chemical known as Toluene Di–Isocyanate ("T.D.I."). She sued the manufacturers of T.D.I. as well as the companies which transported T.D.I. to the Inland plant. The second case brought by Juanita Pollitt and her husband Paul alleged that Juanita was exposed to T.D.I. as a result of a defective injection molding machine. She sued the manufacturers of these machines.

The third case was brought by Paul Pollitt, II and his wife Cindy, alleging that he had suffered personal injuries as the result of exposure to T.D.I. and other chemicals while employed at the Inland plant. This was a companion case to those brought by Juanita and Paul Pollitt, Sr. In many instances, these cases were subject to the same orders and suffered from the same discovery problems. In all three cases, the Pollitts were represented by the same local and trial counsel.

The two cases involving Juanita Pollitt and her husband Paul took nearly eight years to reach their conclusion. The original complaint was filed in December of 1980 and the case was dismissed without ever reaching a trial in May 1988. During

* The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation.

those eight years, the cases stalled due to numerous discovery problems. The docket sheets contain 672 entries. Among those entries are thirteen motions for protective orders, fifteen motions to compel or for sanctions, and numerous motions for extensions of time. The first trial date was February 24, 1986. On October 30, 1985, the Pollitts' counsel moved to withdraw, because the Pollitts had fired him. New counsel did not enter an appearance until January 1986. The trial was rescheduled for April 20, 1987.

In the case filed by Cindy and Paul Pollitt, II, the docket sheets chronicle a similar history. Among the 258 entries, there were two motions to compel, three motions for sanctions, ten motions to strike, three motions for protective orders and numerous motions for extensions of time. The first trial date was set for March 16, 1986. The plaintiff moved to set this date aside three times.

One of the reasons that discovery did not progress in these cases is the Pollitts' failure to provide expert reports. Several deadlines for providing these reports were set, but none were met by the Pollitts. Because of this failure, the court ordered that the Pollitts bear the costs and defense counsel fees associated with deposing the Pollitts' experts.

Perhaps the final straw was the Pollitts' motion to disqualify the United States Magistrate who had overseen all pretrial matters since 1985. The Pollitts claimed by their affidavits that the Magistrate was biased. They also moved to set aside all of the Magistrate's discovery orders. The Magistrate denied the motion to recuse. The court entered a show cause order directing the Pollitts to explain in writing why the court should not impose Rule 11 sanctions against them for the filing of the motion to recuse. The Court found that the Pollitts had failed to show cause and withdrew the permission of the Pollitts' trial counsel to practice *pro haec vice*. Later, the Court granted the motion of the Pollitts' local counsel to withdraw.

The court gave the Pollitts five months in which to obtain substitute counsel. The Pollitts did not obtain counsel within that time period and the Court adopted the Magistrate's report and recommendation that their cases be dismissed without prejudice for want of prosecution. As conditions for refiling, the Court ordered the Pollitts to pay the monetary sanctions already levied against them, to pay the defendants their costs in these actions, and for the Pollitts' new counsel to file a certificate stating that the Pollitts were prepared to promptly prosecute their cases and would make adequate provision for expert reports and the expense of discovery.

## II

■ Juanita and Paul Pollitt, Sr. argue that the lower court denied them the opportunity to pursue discovery. The plaintiffs state that a protective order granted to GMC Inland deprived them of relevant evidence. GMC Inland was Juanita Pollitt's employer. The Pollitts were unable to sue GMC Inland, because of Juanita Pollitt's worker's compensation claim. However, the Pollitts sought discovery from GMC Inland as early as two weeks after the filing of their lawsuit. Altogether, GMC Inland was granted three protective orders. The plaintiffs do not identify which order they refer to.

The first protective order barred the plaintiffs from discovering any material which was generated prior to Juanita Pollitt's period of employment with GMC. It also required the plaintiffs to agree to limit the dissemination of any trade secret or other confidential information concerning the use of T.D.I. at Inland. The second protective order prohibited the plaintiffs from discovering medical files of other Inland employees and from receiving documents for the period after Juanita Pollitt left the Inland plant and from receiving information for departments other than the department she worked in. The Magistrate concluded that this evidence was irrelevant or in the case of the medical records of other Inland employees was privileged. In the third protective order, the Court reconsidered the issue of whether documents pertaining to departments other than those

in which Juanita Pollitt worked were relevant and discoverable. The Court conducted an evidentiary hearing and after reviewing the evidence concluded that the plaintiffs could not prove that Juanita Pollitt was exposed to T.D.I. from other departments at Inland. Accordingly, any documents from other Inland departments were not discoverable.

The Pollitts point to no evidence which the Magistrate failed to consider or overlooked. The record contains enough evidence to support the Magistrate's conclusion that the evidence pertaining to other Inland departments was irrelevant. The Pollitts simply were unable to produce any evidence that Juanita Pollitt could have been exposed to T.D.I. from other Inland departments. Nor is there any reason to question the Magistrate's decision that the other evidence would have been equally irrelevant. If anything this record reveals that it was the plaintiffs who denied discovery to the defendants. For example, Juanita Pollitt refused to submit to a physical examination until ordered to do so by the court; certain interrogatories were not answered until the Court ordered them to answer; and the Pollitts refused to provide expert witness reports to the defendants, although ordered to do so on several occasions.

■ The plaintiffs also argue that the lower court improperly forced the expulsion or withdrawal of their attorney. The lower court withdrew the permission of the Pollitts' trial counsel to practice *pro haec vice.* This action was provoked in part by the plaintiffs motion to disqualify the Magistrate. The Court found that the motion to disqualify was unfounded and that a minimal investigation would have uncovered the falsity of the allegations. The Court did not abuse its discretion when it revoked the Pollitts' trial counsel's permission to practice. In any case, the Pollitts' trial counsel and local counsel had already sought to withdraw before the court rescinded their permission to practice.

■ The Pollitts maintain that the trial court's conditions for refiling their actions are unfair. The trial court conditioned the refiling of the Pollitts' complaints on three conditions: 1) proving the payment of costs incurred by the defendants; 2) filing a certificate signed by the Pollitts or by their new counsel that they were ready and willing to expeditiously prosecute their claim and that they had made adequate financial provisions for discovery; 3) paying the sanctions levied against the Pollitts for failure to complete discovery.

A court has the authority to dismiss an action for failure to comply with the court's orders and for want of prosecution. Fed. R.Civ.P. 41(b); *Paterson v. Township of Grand Blanc,* 760 F.2d 686 (6th Cir.1986). A court also has the authority to impose reasonable conditions upon the refiling of any action. *Patterson v. Township of Grand Blanc, supra,* at 688–89; *Zaddack v. A.B. Dick Co.,* 773 F.2d 147, 150 (7th Cir.1985). Given the discovery problems associated with this case, it was not an abuse of discretion for the lower court to dismiss this action. The conditions imposed by the trial court were reasonable and designed to prevent the same discovery problems from reoccurring.

■ The Pollitts' final argument relates to the Court granting summary judgment in favor of the defendants. They do not identify, however, the motion to which they refer, although they do mention Ohio's statute of limitation. In Juanita Pollitt's second action, she claimed that the manufacturers of defective injection molding devices had exposed her to T.D.I. The Court found that the action was barred by the applicable statute of limitations, Ohio Rev. Code § 2305.10. This action was filed in June 1981 and the Court found that Juanita Pollitt knew of her exposure and the possible sources of that exposure at least several months prior to June 1979. Clearly, Ohio's two year statute of limitations had tolled by the time she filed her complaint.

The Pollitts do not dispute any of the facts which the Magistrate relied upon in reaching his conclusion that Juanita Pollitt knew of her exposure as well as the possible sources for that exposure more than two years before the filing of her second suit. The Magistrate relied upon Juanita

Pollitt's own admissions, information contained in an application for insurance benefits, a worker's compensation claim and her own deposition in concluding that she knew of her exposure and the sources for it prior to June 1979. Given these admissions there could be no genuine issue of material fact regarding the time Juanita Pollitt knew of her injury and the possible causes of it. This finding cannot now be disturbed.

### III

The defendants/cross appellants appeal the lower court's decision to dismiss Juanita and Paul Pollitt's cases *without* prejudice. They maintain that the Court abused its discretion by not dismissing these cases with prejudice. The defendants recite the long history of this litigation, the delays, the sanctions and the expense incurred by the defendants. They urge this Court to find that the lower court's failure to dismiss with prejudice was an abuse of discretion. The defendants emphasize that Juanita and Paul Pollitt, Sr. were not naive bystanders, but contributed to the discovery problems. Nevertheless, this Court cannot conclude that the trial court abused its discretion by refusing to dismiss their cases with prejudice. The conditions imposed by the trial judge were sufficiently onerous to prevent the reoccurrence of the discovery problems. And for all practical purposes, they will also prevent the refiling of these actions. Accordingly, the district court's decision is AFFIRMED.