**Karen VESELY, Plaintiff,**

v.

**CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al., Defendants.**

**No. C87–759.**

United States District Court, N.D. Ohio, E.D.

March 20, 1990.

Karen E. Vesely, Phoenix, Ariz., pro se.

John Kluznik, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, District Judge.

Plaintiff Karen Vesely ("Plaintiff") filed this civil rights action on March 31, 1987 against Defendant Cuyahoga Metropolitan Housing Authority, fifteen (15) named individual Defendants, and a number of unknown individual Defendants. She alleged, under 42 U.S.C. § 1983, that she was deprived of her Constitutional Rights under the First and Fourteenth Amendments of the United States Constitution. She also alleged several state law claims.

The case was referred to Magistrate Streepy on February 4, 1988. After her counsel's Motion for Withdrawal was granted by the Magistrate on July 14, 1988, the Plaintiff requested a continuance of this case by letter dated August 9, 1988, until she could obtain substitute counsel. Plaintiff has since proceeded *pro se*. To date, Plaintiff has yet to notify this Court whether she has obtained new counsel.

On December 23, 1988, the Court adopted the Magistrate's Report and Recommended Decision ("Report # 1") that the Complaint be dismissed without prejudice against Defendant Eugene Lamb and that Plaintiff be given the opportunity to properly serve Defendants Peter Iskin and Larry Bramlett before January 31, 1989. Plaintiff has not shown good cause why she has failed to serve the latter two defendants. This action is dismissed against them pursuant to Rule 4(j) since more than 120 days have passed since filing the Complaint.

All of the remaining Defendants seek to have this action dismissed with prejudice. On September 15, 1988, Plaintiff was ordered to file a response to Defendants' first Motion to Dismiss. She has never filed a response to this motion. Defendants filed a renewed Motion to Dismiss on February 3, 1989. In view of the extreme sanction sought, an Oral Hearing was scheduled for July 17, 1989 on this motion. The Plaintiff or her representative was Ordered to appear personally. No one appeared to argue the Motion; her telephone request for an "indefinite continuance" received during the week preceding July 17, 1989 was denied.

■ On July 20, 1989, the Magistrate filed his Report and Recommended Decision ("Report # 2") that this action be dismissed for want of prosecution. Fed.R. Civ.P. 41(b). Because the Plaintiff has not filed objections to Report # 2 within the required ten (10) day period, she has waived her right to appeal this Order. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

■ From the Court's independent review of the record, it is apparent that there has been an absence of any activity—save several requests for continuances—on Plaintiff's part since filing this lawsuit in 1987. As noted in Report # 2, the Plaintiff did not respond, in writing or orally, as ordered to Defendants' Motion to Dismiss, Defendants' Renewed Motion to Dismiss, (she ignored Orders to personally appear on July 17, 1989), did not obtain substitute counsel, and has failed to cooperate in any way with the discovery requests of the Defendants.

It is settled law that Courts have inherent power to act *sua sponte* "to clear their

calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Rule 41(b), which recognizes this inherent power, merely authorizes a motion by a defendant. This Circuit has held that dismissal is an appropriate sanction under Rule 41 when there is "a clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tenessee*, 636 F.2d 159, 161 (6th Cir.1980) (*per curiam*); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988) (dismissal appropriate when a party has engaged in "bad faith or contumacious conduct"); *Patterson v. Township of Grand Blanc*, 760 F.2d 686 (6th Cir. 1985) (*per curiam*). Contumacious conduct is defined as "stubbornly disobedient." *See* Webster's Third New International Dictionary 497 (1969) (unabridged). Dismissal with prejudice is particularly appropriate when "the plaintiff, as distinguished from his counsel, [is] personally responsible for the delay." *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir.1985); *Patterson*, 760 F.2d 686.

Although a plaintiff proceeding *pro se* is held to "less stringent standards" than an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971), Plaintiff's failure to actively and responsibly prosecute this case coupled with her refusal to obey Orders from this Court justifies the sanction of dismissal. As stated above, she has not taken any steps to prepare this case for trial. However, the Court, in its discretion, believes dismissal without prejudice is appropriate. *See Pollitt v. General Motors Corp.*, 894 F.2d 858 (6th Cir.1990) (Affirming dismissal without prejudice and rejecting argument that trial court was required to dismiss with prejudice.) The Court hereby adopts the Magistrate's findings of fact.

Accordingly, pursuant to Rule 41(b), this case is dismissed without prejudice.

IT IS SO ORDERED.