WILLIAM S. LOESCHER AND JACQUELYN J. LOESCHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loescher v. Commissioner
Docket No. 22672-89
United States Tax Court
T.C. Memo 1993-74; 1993 Tax Ct. Memo LEXIS 79; 65 T.C.M. (CCH) 1997; March 8, 1993, Filed *79 An appropriate order and decision will be entered. William S. Loescher, pro se. For respondent: Jeffrey L. Bassin. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This case is before the Court on respondent's motion to dismiss for lack of prosecution pursuant to Rule 123(b). [1] Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Addition To Tax
Year
Deficiency
Sec. 6653(b) [1]
1981
$ 30,419.82
$ 15,209.91
1982
96.00
N/A    As discussed herein, respondent's motion to dismiss for lack of prosecution is granted, and a decision will be entered against petitioners for the stated deficiencies and against petitioner husband for the addition to tax for civil *80 fraud. Furthermore, a penalty pursuant to section 6673(a)(1) will be imposed against petitioners. Given the serious consequences of this action, we consider it appropriate to explain the events in this case. Any reference to petitioner in the singular refers to petitioner William S. Loescher. Background
On September 15, 1989, petitioners filed their petition in this case and designated Columbus, Ohio, as the place for trial. Petitioners resided in Lima, Ohio, at the time they filed the petition in this case. On May 11, 1990, trial was calendared for October 15, 1990, in Columbus, Ohio. Petitioners filed a motion to continue on October 5, 1990, wherein they stated that petitioner's mother was terminally ill and that petitioner was her primary caretaker. On June 12, 1991, trial was set for November 18, 1991, in Columbus, Ohio. On August 12, 1991, respondent served on petitioners a request for admissions in accordance with Rule 90. Petitioners have filed no response to this request with the Court. Set forth below are 11 of the requested admissions. 2. The petitioner was admitted to the practice of law in 1966. 3. Petitioner was appointed guardian for Harold E. *81 Matson in February, 1970. 4. Between February 1970 and April 1981, The petitioner embezzled at least $ 40,000 from the Guardianship of Harold E. Matson. * * * 6. The petitioner * * * was hired as the attorney for the Estate of Albert E. Tench before the end of March 1981. * * * 22. On or about July 20, 1982, a judgment was entered against the petitioner in the Common Pleas Court of Allen County, Ohio, Probate Division, In the Matter of the Estate of Albert E. Tench, Case No. 54561-81. * * * 24. In the Judgment Entry [referred to in paragraph 22], the court found that the petitioner had taken funds belonging to the Estate of Albert E. Tench in the amount of $ 87,611.84 and entered judgment against petitioner * * *. * * * 27. The petitioner embezzled at least $ 84,861.84 from the Estate of Albert E. Tench during taxable year 1981. 28. The embezzlement proceeds referred to in paragraph 27 represented taxable income. 29. The petitioner did not report the embezzlement proceeds referred to in paragraphs 27 and 28 on his federal income tax return for taxable year 1981. 30. On October 1, 1982, the petitioner pleaded no contest to and was found guilty of two counts of grand *82 theft resulting from his acts of embezzlement from the Guardianship of Harold E. Matson and the Estate of Albert E. Tench. * * * 32. The petitioner has been disbarred as an attorney.
Under Rule 90(c), if no response is made to a request for admissions which has been properly served, the matters in the request are deemed admitted. On November 18, 1991, at trial in Columbus, Ohio, petitioner, having appeared late, filed an oral motion for continuance stating that he had a severe vision problem and hemorrhaging in one eye for which he had not yet sought medical treatment. Due to petitioner's alleged medical disorder, this motion was granted. Later that same day, after a meeting between the parties, respondent asked to have the case recalled in order to place new information into the record. Respondent stated that petitioner stipulated to the addition to tax for fraud for 1981 pursuant to section 6653(b). Petitioner agreed with that statement. On July 27, 1992, this Court issued an order setting the case for a special trial session on October 28, 1992, in Cincinnati, Ohio. On October 28, 1992, the case was called and counsel for respondent entered his appearance. At that *83 time, the Court notified respondent that the Court had received a call in Washington, D.C., from an individual identifying himself as Mr. Detweiler, who advised the Court that petitioner had been involved in an automobile accident en route to the Court and was being flown to a hospital in Toledo, Ohio, with several broken ribs and a head injury. Mr. Detweiler refused to give his telephone number to the Court and stated that he was leaving on vacation and would be unavailable until May 1993. The office staff of the Court called both hospitals in the city of petitioner's residence, Lima, Ohio. There was no record of William Loescher's being admitted to, or treated at, either of the two hospitals. The hospital in Toledo, Ohio, to which petitioner had allegedly been airlifted, also had no record of William Loescher's being admitted or about to be admitted. The Court then directed respondent to attempt to ascertain whether or not there had in fact been an accident involving petitioner, and if no record of any such accident could be ascertained, then a motion from respondent to dismiss the case for failure to properly prosecute would be entertained by this Court. On November 6, 1992, *84 respondent filed a motion to dismiss for lack of prosecution pursuant to Rule 123(b). In support of this motion, respondent stated that on October 28, 1992, respondent was present in Court and ready for trial. In addition, respondent stated that also in attendance was a witness who had traveled to Cincinnati from Akron, Ohio, for the purpose of testifying. Respondent further stated that on the evening of October 28, 1992, he contacted petitioner by phone and was told by petitioner that he had fallen down a flight of stairs at his home that morning and injured his eye. Petitioner stated that he had been taken to a hospital in Lima and from there driven to his doctor in Toledo. Petitioner stated further that he had not been transferred by air to a Toledo hospital. On December 29, 1992, we issued an order requiring petitioners to show cause as to why this case should not be dismissed for lack of prosecution. Petitioners did not respond. Dismissal for Lack of Prosecution Pursuant To Rule 123(b)
Rule 123(b) provides for dismissal when a taxpayer fails properly to prosecute his or her case, fails to comply with the Court's Rules or any order of the Court, or for other cause *85 which the Court deems sufficient. See also Smith v. Commissioner, 91 T.C. 1049 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). Dismissal of a case is a sanction resting in the discretion of the trial court. Harris v. Callwood, 844 F.2d 1254, 1255 (6th Cir. 1988); Levy v. Commissioner, 87 T.C. 794, 803 (1986). Dismissal for failure to prosecute is a harsh sanction and should be ordered only in cases showing a clear record of delay or contumacious conduct. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980). In Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978), the Court exercised its discretion and dismissed a case pursuant to Rule 123(b) for lack of prosecution. It was held in the Freedson case that Rule 123(b) requires the Court to balance potentially rival considerations: The policy of having cases heard on their merits and the policy of *86 avoiding harassment to the defending party arising from unjustifiable delay. Id. at 935. The balance of these two considerations inclines strongly against petitioners. Although petitioners will suffer the detriment of not being heard on the merits of their case, we conclude that petitioners' history of bad faith and tactics of delay result in greater harm to respondent and this Court. The explanatory note to Rule 123(b) indicates that Rule 123(b) is patterned after rule 41 of the Federal Rules of Civil Procedure. Note accompanying Rule 123(b), 60 T.C. 1130. The factors considered in interpreting rule 41 of the Federal Rules of Civil Procedure, in the Sixth Circuit, the circuit to which an appeal in this case would lie, include whether the length of delay involved indicates a desire not to prosecute, the plaintiff's connection with and responsibility for the dilatory conduct, and the prejudice to the defendant resulting from the delay. Bishop v. Cross, 790 F.2d 38, 39 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985); *87 Carter v. City of Memphis, supra at 161. In the instant case, petitioner made two motions for continuance claiming various medical disorders; both motions were granted by this Court. Petitioners failed to respond to respondent's request for admissions. When the case finally reached its third scheduled calendar session in Cincinnati, Ohio, petitioners did not appear in Court, later using yet another medical excuse which could not be verified and which substantially changed with the passage of time. Furthermore, the calendar in Cincinnati, Ohio, was a special trial session scheduled only for petitioners' case as opposed to a regular trial session in which several cases are generally tried. This Court, in an attempt to give petitioners a final chance to explain their conduct, issued an order giving petitioners 30 days in which to show cause as to why respondent's motion to dismiss for lack of prosecution should not be granted. Petitioners made no response to this order. It is clear from the record in this case that petitioners did not properly prosecute their case, and dismissal is therefore an appropriate sanction in accordance with the Rules *88 of this Court and the criteria set forth by the Court of Appeals for the Sixth Circuit. Where dismissal for failure properly to prosecute is appropriate, the Court will enter a decision against the taxpayer as to any issue for which he or she has the burden of proof. Rule 123(b). In the instant case, petitioners have the burden of proving that respondent incorrectly determined deficiencies in income tax for taxable years 1981 and 1982. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We therefore grant respondent's motion with respect to petitioners' deficiencies in tax for taxable years 1981 and 1982. Respondent also determined that the deficiencies in petitioner husband's [2] Federal income tax for 1981 were due in part to fraud and accordingly seeks the addition to tax for fraud pursuant to section 6653(b). Where respondent has alleged fraud, respondent bears the burden of proving fraud under section 6653(b) by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Castillo v. Commissioner, 84 T.C. 405 (1985). On November 18, 1991, however, petitioner stipulated to the addition to tax due to fraud *89 under section 6653(b). Parties are bound by their stipulations without a showing that the stipulation is clearly contrary to facts disclosed by the record or that other exceptional circumstances require that the stipulation be qualified, changed, or contradicted in whole or in part. Rule 91(e); Leuhsler v. Commissioner, 963 F.2d 907, 911 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Estate of Quirk v. Commissioner, 928 F.2d 751, 758-759 (6th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1988-286; Loftin & Woodard, Inc. v. United States, 577 F.2d 1206, 1232 (5th Cir. 1978); Niedringhaus v. Commissioner, 99 T.C.    ,     (1992); Jasionowski v. Commissioner, 66 T.C. 312, 317-318 (1976). We will therefore treat this stipulation as an admission by petitioner and hold him bound thereto. *90 Accordingly, respondent's motion to dismiss for lack of prosecution pursuant to Rule 123(b) is granted and a decision will be entered against petitioners for the deficiencies in their 1981 and 1982 income tax and against petitioner for the addition to tax for fraud for taxable year 1981. Section 6673(a)(1) Penalty
Pursuant to section 6673(a)(1), [3] we may impose a penalty not to exceed $ 25,000 where a taxpayer has instituted or maintained proceedings primarily for delay. Petitioners twice moved this Court to continue the case alleging medical disorders, failed to respond to requests for admissions, failed to appear at the third scheduled calendar session of their case, and have failed to proceed with this case generally. This case has been calendared for trial on three separate occasions, and the third calendar was a special trial session set up specifically for petitioners wherein a judge, trial clerk, court reporter, counsel for respondent, and a witness were all in attendance. In addition, petitioner was an attorney and therefore no stranger to court procedures. Furthermore, petitioners were given every benefit and opportunity to have their case heard and to explain *91 their conduct to this Court. We conclude that petitioners' conduct in this case warrants the imposition of a penalty under section 6673(a)(1). Accordingly, in the exercise of our discretion, we require petitioners to pay to the United States a penalty in the amount of $ 5,000. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. The tax liability of petitioner Jacquelyn J. Loescher is limited to the deficiencies for taxable years 1981 and 1982.↩
1. All section references are to the Internal Revenue Code as in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the case of a joint return under sec. 6013, sec. 6653(b) shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. Sec. 6653(b). As respondent did not assert or offer evidence as to any fraud on the part of Jacquelyn J. Loescher, the fraud addition to tax will not apply to her.↩
3. Sec. 6673(a)(1) was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, and applies to positions taken after Dec. 31, 1989, in proceedings pending on or commenced after such date.↩