991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony A. WAFFORD, Sr., Plaintiff-Appellant,
v.
POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 92-6403.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Tony A. Wafford, Sr., pro se, appeals a district court order dismissing his case for failure to prosecute. Wafford filed his claim under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq. The defendant is the Postmaster General of the United States Postal Service.
 
 
 2
 Although Wafford's complaint was submitted on a Title VII complaint form, the plaintiff is, in essence, appealing from a decision by the Merit Systems Protection Board denying further review of his claims based on discrimination. Therefore, this complaint is a "mixed" case and Wafford is entitled to have the facts tried de novo in federal district court in regard to his allegations of discriminatory acts. 5 U.S.C. §§ 7702 and 7703(b)(2); Morales v. Merit Systems Protection Bd., 932 F.2d 800, 801-02 (9th Cir.1991); Ballard v. Tennessee Valley Auth., 768 F.2d 756, 757 (6th Cir.1985).
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Wafford alleged that he was discriminated against as a "handicapped employee" at the time of the defendant's action of placing him in a "non-duty/non-pay status." The Merit Systems Protection Board issued a right to sue letter on August 18, 1988. Because the remaining procedural history is of utmost importance to the ultimate resolution of this case, subsequent filings and history will be discussed as the dates become relevant. The defendants filed a motion in district court to dismiss the claim for failure to prosecute. This motion was granted by order dated July 28, 1992. Wafford then filed a motion to set aside this order, which was denied by the district court on September 17, 1992.
 
 
 5
 On appeal, Wafford argues that he was unable to strictly comply with the court's scheduling orders because of "stress and hospitalization" from the incidents being complained of, and that "poor financial conditions as a result of loosing [sic] my job with the Post Office kept me from going ahead." Wafford also alleges that he did respond to the more current motions that have been filed by the defendant and would like to see his case decided on the merits. Wafford further alleges that his move from Nashville to Memphis made it more difficult to file documents with the district court, but that his motion to change venue was denied. Lastly, Wafford argues that the district court should have considered the postmark date on his response to the defendant's motion to dismiss for failure to prosecute, rather than only considering the date that the district court clerk received his document, which date was the ultimate basis for the court's decision to dismiss for failure to prosecute.
 
 
 6
 Dismissal of a case under Fed.R.Civ.P. 41(b) is reviewed for an abuse of discretion. Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). This court has cautioned against dismissing for failure to prosecute under the authority of Rule 41(b), because it is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. Little v. Yeutter, No. 92-5093, slip op. at 5 (6th Cir. Jan. 19, 1993); Carver v. Bunch, 946 F.2d 451, 454 (6th Cir.1991) (quoting Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir.1980), and Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978)). This court has repeatedly noted the harsh nature of a sanction that deprives a plaintiff of his day in court because of dilatory conduct. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam); Taylor v. Medtronics, Inc., 861 F.2d 980, 986-87 (6th Cir.1988); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988); Bishop, 790 F.2d at 39; Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam); Carter, 636 F.2d at 161.
 
 
 7
 In Harris, supra, this court concluded that, in absence of notice to the plaintiff that dismissal is contemplated, a district court should impose a penalty short of dismissal, unless the derelict party has engaged in bad faith or contumacious conduct. Harris, 844 F.2d at 1256. Several other factors have been considered to determine whether a district court's dismissal of a case under Rule 41(b) was an abuse of discretion: 1) indication that the plaintiff's claim was vexatious or fictitious; 2) the delay was so long and drawn out as to indicate a desire not to prosecute; 3) whether the plaintiff was connected with or responsible for the dilatory conduct; and 4) whether the failure to comply with a court order was due to inability, and not to willfulness, bad faith or any fault of the party. Taylor, 861 F.2d at 987; Patterson, 760 F.2d at 688.
 
 
 8
 A summary of the procedural history is as follows:
 
 
 9
 September 22, Complaint filed.
 1988
October, 1988 Several motions filed by plaintiff and denied by court.
November 2, 1988 Answer to complaint filed by Postmaster General.
December 28, 1989 Order dismissing complaint.
January 12, 1990 Order amending December 28, 1989 order, dismissing all
 defendants except Postmaster General.
September 7, 1990 Notice by plaintiff of change of address.
October 24, 1990 Motion for change of venue filed by plaintiff and memo in
 support.
February 14, 1991 Order denying motion for change of venue.
June 12, 1992 Motion to dismiss for failure to prosecute filed by
 defendant.
July 6, 1992 Motion by plaintiff to extend time to July 22, 1992, to
 respond to defendant's motion to dismiss.
July 9, 1992 Plaintiff's motion for extension granted.
July 27, 1992 Plaintiff's response received (mailed July 23, 1992).
July 28, 1992 Motion to dismiss for failure to prosecute granted.
August 5, 1992 Motion to set aside order filed by plaintiff.
September 17, Order denying motion to set aside order dismissing case.
 1992
 
 
 10
 The above summary does not show that the plaintiff has done "virtually nothing to prosecute his case" from the time he filed his complaint until the time the defendants filed a motion to dismiss, as argued by the defendants.
 
 
 11
 Although the defendant correctly points out that Fed.R.Civ.P. 16(b) places the responsibility for a proposed scheduling order principally on a plaintiff, pro se litigants should not be precluded from resorting to the courts merely for want of sophistication. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Other than a delay in filing this proposed scheduling order, the record does not reveal that Wafford has failed to comply with any other court imposed deadlines or has failed to timely respond to any particular pleading file in accordance with any court-ordered schedule.
 
 
 12
 Wafford specifically alleged that he has been suffering from poor health, that he has been forced to move frequently after his discharge from steady employment, and that he has been in a poor financial state. The record does not show any evidence of dilatory tactics, wilfulness, bad faith or contumacious conduct on his part. Moreover, the defendant has not shown that he has been prejudiced in any way by these temporary delays throughout the duration of this suit. Finally, there is no indication that Wafford's claim is vexatious or fictitious, although he may not ultimately prevail on the merits.
 
 
 13
 Lastly, the district court, in its July 28, 1992 dismissal order, stated that Wafford had not responded to the defendant's motion for dismissal for failure to prosecute, as of that date. In fact, the plaintiff had responded the day before, on July 27. The court eventually recognized the July 27 response in its subsequent order denying the plaintiff's motion to set aside the prior order, but determined that, under Local Rule 5(e) a pleading is "not filed until the clerk receives it." Thus, the court found the response was five days late. It appears that the court could have imposed a lesser sanction, either by striking the plaintiff's response to the defendant's motion and considering the claim for failure to prosecute based on prior actions or inactions by Wafford, or by considering the claim on the merits based on the pleadings filed thus far.
 
 
 14
 Accordingly, the district court's order is hereby vacated and the case is remanded for further proceedings, in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.